[No. 2089.]

IGNACIA VIDAURI v. THE STATE.

SCIRE FACIAS—JUDGMENT NISI—CITATION.—The bail bond in this case was signed by Atanacio Vidauri, and the judgment nisi upon the same recited the name of Atanacio Vidauri, but the citation issued thereon was returned by the sheriff as executed upon Rafael Vidauri. Upon this state of case a final judgment was rendered against Atanacio Vidauri, and from this judgment the surviving wife of the said Atanacio Vidauri prosecutes this writ of error, assigning as error the rendition of judgment without service of citation. *Held*, that the error is well assigned, there being no evidence identifying Atanacio and Rafael Vidauri as one and the same person.

ERROR from District Court of Webb. Tried below before the Hon. J. C. Russell.

The writ of error in this case is prosecuted from a final judgment on the forfeited appearance bond of Pedro Valdez, bailed under an indictment for felonious theft. The amount of the bond and judgment was three hundred dollars.

*McLane & Atlee*, for the plaintiffs in error.

*J. H. Burts*, Assistant Attorney General, for the State.

WILLSON, JUDGE. Atanacio Vidauri became surety upon the bail bond of one Pedro Valdez. Valdez having failed to appear and answer according to the conditions of the bond, a forfeiture was taken and a judgment nisi rendered and entered against said Valdez as principal and Atanacio Vidauri as his surety. Citation issued upon said judgment nisi, for said Atanacio Vidauri, and was returned by the sheriff executed upon *Rafael* Vidauri. Upon this return of service a judgment final was rendered and entered against Atanacio Vidauri, and from this judgment the surviving wife of said Atanacio, he having died subsequent to said final judgment, prosecutes this writ of error, and assigns as error the rendition of said judgment against said Atanacio Vidauri, he not having been cited to appear and answer in the suit.

Manifestly this assignment of error is well grounded, and must be sustained. It is no where made to appear in the record that Atanacio Vidauri and Rafael Vidauri are one and the same person. In the absence of such a showing, we must hold that there was no service of citation upon Atanacio Vidauri, and the judgment as to him is void. The State may yet proceed to enforce the judgment nisi against the estate of the deceased surety, in the manner provided by statute. (Code Crim. Proc., Art. 448.) The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Opinion delivered January 15, 1887.