**Charles WHITNEY, Appellant,**

v.

**L & L REALTY CORPORATION, Appellee.**

No. 17904.

Court of Civil Appeals of Texas,
Dallas.

June 29, 1972.

Rehearing Denied July 20, 1972.

Wm. Andress, Jr., Andress & Woodgate, Dallas, for appellant.

Richard L. Jackson, Johnson, Bromberg, Leeds & Riggs, Dallas, for appellee.

GUITTARD, Justice.

This is a companion case to No. 17,905, 482 S.W.2d 944, Parnass v. L & L Realty Corporation, today decided. The record is exactly the same except for one difference in the petition. Here the jurisdictional allegations are as follows:

"At the time this cause of action arose, the Defendant was a resident of Dallas County, Texas, and the indebtedness alleged in this petition against Defendant arose out of business in which the Defendant engaged in this state. Defendant now is a resident of the State of Colorado and resides at 2927 Mesa Road, Apartment A, Camelback Village, Colorado Springs, Colorado 80904. *The Defendant has neither maintained a regular place of business in this state nor has appointed an agent upon whom service may be made upon causes of action arising out of such business.*" (Emphasis added.)

The difference is in the language underlined, which does not appear in *Parnass.* Since this language is equivalent to an allegation that defendant "does not maintain a place of regular business in this State or a designated agent upon whom service may be made," it is not subject to criticism based on the omission of this language, as in McKanna v. Edgar, 388 S.W. 2d 927 (Tex.Sup.1965). Defendant does not suggest any reason why the above alle-

gation in this case is not sufficient, and we hold that it is sufficient.

 For the reasons given in the *Parnass* opinion we also hold that no proof of the jurisdictional allegations is necessary and that proof of mailing by the Secretary of State is not required.

Affirmed.