Charles WHITNEY, Petitioner,

v.

L & L REALTY CORPORATION,
Respondent.

Bonita PARNASS, Petitioner,

v.

L & L REALTY CORPORATION,
Respondent.

Nos. B–3542, B–3543.

Supreme Court of Texas.

Oct. 17, 1973.

the service to the defendant. We hold that it does.

Plaintiff, L & L Realty Corporation, leased apartments in Dallas to defendants Whitney and Parnass for one year terms. During the term, defendants moved out of the state, abandoned their apartments, and ceased rental payments. Plaintiff took default judgments against them after serving process on the Secretary of State of Texas, as authorized by Article 2031b. Nothing in the record indicates whether or not the Secretary of State forwarded a copy of the process to either defendant.

The defendants challenged the default judgments by a petition for writ of error in the Dallas Court of Civil Appeals. They contended that, under the statute, in the absence of proof that the Secretary of State forwarded the citations, the district court lacked personal jurisdiction. The Court of Civil Appeals overruled the contention and affirmed the default judgments. Whitney, 496 S.W.2d 120; Parnass, 482 S.W.2d 944. We reverse.

■ A petition for writ of error in the Court of Civil Appeals is a direct attack on the trial court's judgment. Consequently a recitation of due service in the judgment is not conclusive as it is in a collateral proceeding. In such a writ of error proceeding, the record must affirmatively show that the court had jurisdiction of the defendant's person. Flynt v. City of Kingsville, 125 Tex. 510, 82 S.W.2d 934 (1935).

■ A record showing of jurisdiction necessary to support a default judgment upon substituted service, such as we have here, must meet two major requirements: (1) The pleadings must allege facts which, if true, would make the defendant responsible to answer,—or in the language of Rule 120a, contain allegations making the defendant "amenable to process" by the use of the long-arm statute; and (2) there

Andress, Woodgate & Lodewick, William Andress, Jr., Dallas, for petitioners.

Johnson, Bromberg, Leeds & Riggs, Richard L. Jackson and Robert H. Bliss, Dallas, for respondent.

GREENHILL, Chief Justice.

■ These suits by a landlord to collect rent from former tenants raise a question concerning the proof needed to support a default judgment where service of process was upon the Secretary of State. The solution turns upon the construction, and the requirements as to service, of Article 2031b, the Texas long-arm statute.[1] The immediate question is whether, as a matter of jurisdiction, the long-arm statute involved requires not only service upon the Secretary of State but also requires a showing in the record that he forwarded

---

1. Statutes referred to herein are Vernon's Texas Civil Statutes Annotated. The rules herein referred to are the Texas Rules of Civil Procedure. Emphasis throughout is the court's.

must be proof in the record that the defendant was, in fact, served in the manner required by statute.

■ We have no problem here as to the responsibility to answer, or "amenability to process." The allegations are sufficient, under Section 6 of Art. 2031b, to require the defendants to answer if they have in fact been served in accordance with the requirements of that statute. McKanna v. Edgar, 388 S.W.2d 927 (Tex.1965). The fact of service, however, must be shown by proof appearing in the record. Flynt v. City of Kingsville, 125 Tex. 510, 82 S.W.2d 934 (1935); Roberts v. Stockslager, 4 Tex. 307 (1849); De Proy v. Progakis, 269 S. W. 78 (Tex.Com.App.1925, holding approved).

In the present case, the record includes a citation and return showing service on the Secretary of State, the official designated by statute as eligible to receive it. Thus the question is squarely presented whether this is sufficient to confer jurisdiction, or whether, under the statute, the record must show compliance with the additional statutory requirement that the Secretary forward a copy of the process to defendant.

Under the facts alleged by plaintiff here, defendants were amenable to service by virtue of Section 6 of Article 2031b. That section reads in part that such corporation or natural person "may be served with citation by serving a copy of the process upon the Secretary of State . . ., who shall be conclusively presumed to be the true and lawful attorney to receive service of process; *provided that the Secretary of State shall forward a copy of such service to* the person in charge of such business or an officer of such company, *or to such natural person by certified or registered mail, return receipt requested.*"

We regard the statute as being ambiguous. It could be construed to mean that service is complete when the Secretary of State is served, whether he forwards the service or not; but that as the agent of the defendant, he ought to forward the service to the defendant. Or it could mean that the Legislature intended to require that in order for the Secretary of State to be conclusively presumed to be the attorney for the defendant in another state, he *must* forward the service; i. e., the Secretary of State is to be deemed the defendant's agent *if*, or *provided*, he forwards the service as required by the statute.

■ We regard the latter as being the *intent of the statute. It achieves a result* most consistent with justice and due process to both parties. Roberts v. Stockslager, 4 Tex. 307 (1849).

Under this construction, a showing in the record that the Secretary of State forwarded a copy of the process is essential to establish the jurisdiction of the court over the defendants' persons. This was not shown, and hence no jurisdiction was acquired over the defendants.

■■ The requirement of proof of forwarding of process which we construe the statute to impose will not cause any significant hardship to plaintiffs seeking judgments against non-residents. A certificate from the office of the Secretary of State, which the plaintiff could obtain for a trivial fee, would suffice. A contrary result would entail a much more serious hardship for defendants. If the Secretary fails to forward the process, the defendant will probably not learn of the suit until long after the time for filing a motion for new trial. If we held that proof of forwarding was not required to sustain a judgment on writ of error review, the defendant would then be relegated to his remedy by bill of review. This remedy would be less satisfactory than a trial at which he would have an opportunity to present his defenses because, in a bill of review proceeding, our cases say that the defendant would face the initial burden of proving at least that he had a good defense and that he was free from fault in failing to appear. Hanks v. Rosser, 378 S.W.2d 31 (Tex. 1964); Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996 (1950).

Furthermore, requiring proof of forwarding is consistent with our decisions which have insisted on compliance with statutes conferring personal jurisdiction. To support a default judgment, our decisions require particularity in pleading amenability to service, McKanna v. Edgar, 388 S.W.2d 927 (Tex.1965), and in showing the fact of service, Roberts v. Stockslager, 4 Tex. 307 (1849). These decisions reflect a strong policy that defendants ought not to be cast in personal judgment without notice. See Roberts v. Stockslager, 4 Tex. at 309. As Justice Oliver Wendell Holmes said, speaking of statutes authorizing service by publication, ". . . great caution should be used not to let fiction deny the fair play that can be secured only by a pretty close adhesion to fact." McDonald v. Mabee, 243 U.S. 90, 91, 37 S.Ct. 343, 61 L.Ed. 608 (1917).

Our decision requires that the default judgments be set aside on the ground that the record fails to show that the district court acquired personal jurisdiction of the defendants. Accordingly, the judgments below are reversed, and the causes are remanded to the district court.