Steve PRINE, Appellant,

v.

AMERICAN HYDROCARBONS, INC.,
Appellee.

No. 12232.

Court of Civil Appeals of Texas,
Austin.

Feb. 12, 1975.

H. Lee Godfrey, Graves, Dougherty, Hearon, Moody & Garwood, Austin, for appellant.

George E. Ramsey, III, Watkins, Ledbetter, Hayden & Ramsey, Austin, for appellee.

SHANNON, Justice.

This is an appeal from a default judgment entered by the district court of Travis County against appellant, Steve Prine, in favor of appellee, American Hydrocarbons, Inc., for $241,875.00. We will reverse the judgment and remand the cause to the district court.

In its original petition appellee pleaded that it was a Texas corporation and that Prine was a resident of Missouri who was engaged in business in Texas. Appellee alleged further that Prine had not " . . . registered with the Secretary of State nor designated a registered agent for the Secretary of State . . . " Appellee averred also that it was in the business of buying and selling petroleum products in Texas, and that Prine agreed to sell to appellee a quantity of diesel fuel for which product the appellee had paid Prine the sum of $166,875.00. Prine never delivered the diesel fuel and did not return appellee's money. Appellee alleged that Prine "converted" appellee's money to his own use in conscious disregard of appellee's rights, and that appellee was entitled to punitive damages in the sum of $75,000.00.

Appellee sought to obtain service of process on Prine, a resident of Missouri, by serving the Secretary of State of Texas under Vernon's Ann.Tex.Rev.Civ.Stat. Art. 2031b, commonly called the "Long-Arm Statute." The transcript shows a citation addressed to "Steve Prine, by serving the Secretary of State," and the sheriff's return showing that the citation was executed by delivering the same to "Steve Prine by delivering to Mark W. White, Jr., Secretary of State of Texas as agent for service" on April 15, 1974.

By May 8, 1974, Prine had made no appearance, and on that date, the district court signed the default judgment for $241,875.00. That judgment is regular on its face and recited, among other things, that Prine, "though duly cited to appear and answer herein" failed to appear. It is agreed that at the time of the entry of that judgment appellee made no proof that the Secretary of State had forwarded a copy of the process to Prine.

In less than ten days from the time of the entry of the default judgment and within the time permitted by Texas Rules of Civil Procedure, rule 329b, Prine's counsel filed a motion for new trial termed a "Motion to Set Aside Default Judgment." Thereafter in the hearing upon the motion for new trial the court permitted appellee to introduce into evidence a certificate from the Secretary of State that a copy of the citation in the suit was forwarded from his office on April 15, 1974 by certified mail to Prine at his address in Missouri, and that the citation was returned to the office of the Secretary of State on May 6, 1974, marked, "unclaimed." The court also permitted the introduction into evidence of answers of Prine to Rule 168 interrogatories which had been served by the appellee upon Prine's counsel after the entry of the default judgment, but prior to the hearing on the motion for new trial. The response of Prine to one of the interrogatories was that he did not maintain a regular place of business within Texas.

Prine attacks the judgment by three points of error: (1) the trial court lacked personal jurisdiction of Prine because at the time of the entry of judgment, the appellee did not prove that the Secretary of State forwarded notice of service of process to Prine; (2) the trial court lacked

personal jurisdiction of Prine because appellee's petition did not contain allegations that Prine had neither a place of regular business nor a designated agent in Texas as required by Art. 2031b; and (3) the trial court erred in denying his motion for new trial as his failure to answer was not intentional or a result of conscious indifference, as the motion for new trial set up a meritorious defense, and as the motion was filed at a time when the granting thereof would not have occasioned undue delay to appellee.

We will reverse the judgment upon the basis of Prine's first contention, and it will therefore be unnecessary to treat the second and third contentions. Sections 3 and 6 of Art. 2031b read in part as follows:

> "Sec. 3. Any . . . non-resident natural person that engages in business in this State . . . and does not maintain a place of regular business in this State or a designated agent upon whom service may be made . . . the act or acts of engaging in such business . . . shall be deemed equivalent to an appointment . . . of the Secretary of State of Texas as agent upon whom service of process may be made . . ."
>
> . . . . . .
>
> "Sec. 6. . . . such . . . natural person may be served with citation by serving a copy of the process upon the Secretary of State of Texas, who shall be conclusively presumed to be the true and lawful attorney to receive service of process; provided that the Secretary of State shall forward a copy of such service to the person in charge of such business . . . or to such natural person by certified or registered mail, return receipt requested."

■ To sustain a default judgment against attack based upon a claim of invalid service of process, it is necessary to demonstrate a strict compliance with the provided mode of service. Whitney v. L & L Realty Corporation, 500 S.W.2d 94

(Tex.1973); McKanna v. Edgar, 388 S. W.2d 927 (Tex.1965); Roberts v. Stockslager, 4 Tex. 307 (1849).

■ Though, ordinarily, presumptions are made in support of a judgment, including presumptions of due service of citation when the judgment so recites as in the case at bar, no such presumptions are made in a direct attack upon a default judgment. McKanna v. Edgar, *supra*; Flynt v. City of Kingsville, 125 Tex. 510, 82 S.W.2d 934 (1935); Burditt v. Howth, 45 Tex. 466 (1876).

■ The Supreme Court has construed Section 6 of Art. 2031b to require that in order for the Secretary of State to be conclusively presumed to be the attorney for the non-resident defendant, he must have forwarded the service. That court held that proof that the Secretary of State forwarded a copy of the process is essential to establish the jurisdiction of the trial court over the person of the defendant. Whitney v. L & L Realty Corporation, *supra*. In the case a bar it was agreed that there was no proof before the trial court at the time of the entry of the judgment to the effect that the Secretary of State had forwarded a copy of the process to Prine. Without such proof Prine was not before the court, and the court proceeded to judgment without jurisdiction over his person.

Appellee argues that the judgment was, in effect, validated when proof of service was supplied in the hearing on the motion for new trial in the form of a certificate from the Secretary of State showing that process had been forwarded to Prine. We do not agree that such proof cured the court's lack of jurisdiction. If the trial court did not have jurisdiction over the person of Prine at the time of the entry of the default judgment, jurisdiction could not then be created upon the basis of proof of service that was introduced after the entry of judgment being attacked. Hicks v. Sias, 102 S.W.2d 460 (Tex.Civ.App.1937, writ ref'd); Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565 (1877). ["... The

validity of every judgment depends upon the jurisdiction of the court before it is rendered, not upon what may occur subsequently."]

Prine, having appeared to attack the judgment, is presumed to have made his appearance to the term of court at which the mandate shall be filed. Tex.R.Civ.P. Rule 123. The judgment is reversed and the cause is remanded to the district court for a trial on the merits.

Reversed and remanded

PHILLIPS, C. J., not participating.