## INTERNATIONAL CORPORATE ENTERPRISES, INC.

v.

## TOSHOKU LTD.

### No. CA 3-75-0307-C.

United States District Court,
N. D. Texas,
Dallas Division.

May 5, 1976.

Mike Aranson, Dallas, Tex., for plaintiff.

John M. Skrhak, Jackson, Walker, Winstead, Cantwell & Miller, Dallas, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER

WILLIAM M. TAYLOR, Jr., Chief Judge.

Plaintiff, a Texas corporation, filed suit against defendant, a Japanese corporation, on March 14, 1975, alleging breach of a sales contract for caustic soda flakes. Jurisdiction was alleged pursuant to 28 U.S.C. § 1332(a)(2). Plaintiff prayed for actual damages of $70,000 and $112,000 in exemplary damages.

Plaintiff first attempted to have the U. S. Marshal serve defendant by "serving its registered agent for service of process in the United States, Joji Sasoki," whose address was that of defendant's United States subsidiary corporation in San Francisco. Aside from the fact that this initial service was not in compliance with Texas' long arm statute, Tex.Civ.Stat.Ann. Art. 2031b, Mr. Sasoki was found to be working in Japan.[1] Plaintiff then amended its complaint to properly allege the requirements of Art. 2031b, in that Toshoku is deemed to be doing business in Texas by entering into a

---

1. The Marshal's return contained the following remarks, written by an individual at the San Francisco subsidiary of Toshoku: "Above named individual is now working in Japan. Has not worked at above address for 10 years. 3/24/75."

contract by mail with a resident of Texas to be performed in whole or in part in Texas. Service was then perfected by serving the Secretary of the State of Texas, who forwarded a copy to Toshoku by registered mail. The complaint was in fact received and accepted by Toshoku on May 23, 1975.

On August 14, 1975, plaintiff filed a motion for default judgment, since defendant had not responded to the lawsuit in any way since May 23. The Clerk of the Court entered a Default against defendant on August 14. After the Court heard evidence as to jurisdiction, service, failure to answer, and the merits of the case, the Court entered a Final Judgment against defendant on August 25, 1975, in the amount of $70,000 plus interest at the rate of 6% per annum, and costs of Court.

On September 15, 1975, defendant filed a Motion to Vacate Entry of Default and Default Judgment.[2] On November 21, 1975, an evidentiary hearing on the motion was held, and argument on the motion was heard on January 30, 1976. After considering the evidence, the arguments and the briefs, the Court has concluded that the motion to vacate the default judgment should be denied.

The Court has concluded that it had subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2), and personal jurisdiction pursuant to Art. 2031b, Tex.Rev.Civ. Stat.Ann. Service was perfected when plaintiff served defendant through the Secretary of State. At the time the Court entered the Final Judgment, the record affirmatively showed that service on defendant had been perfected.[3] There is no doubt that Toshoku was given notice of the action against it and that the notice afforded it an opportunity to respond. *Pennoyer v. Neff,* 95 U.S. 714, 24 L.Ed. 565 (1877), *National Equipment Rental v. Szukhent,* 375 U.S. 311, 84 S.Ct. 411, 11 L.Ed.2d 354 (1964).

While recognizing that the Court has broad discretion in determining whether or not relief from a default judgment should be granted, *Serio v. Badger Mutual Ins. Co.,* 266 F.2d 418 (5th Cir. 1959), defendant urges that in this case its failure to answer was due to inadvertence or excusable neglect. The evidence showed that when the complaint was received by defendant's mail department it was forwarded to the chemical department, since Toshoku did not have a legal department and since the matter involved caustic soda flakes. The person who received the complaint in the chemical department testified that although he regularly receives and reads hundreds of letters and documents in English related to Toshoku's business, he only glanced at the style and then filed the complaint away. He testified that he took no further action because he *assumed* that someone in the San Francisco office would do whatever needed to be done. However, it is clear from even a glance at the complaint that the defendant is the Japanese parent corporation, Toshoku, Limited, and not the San Francisco subsidiary or branch. And even if it was not entirely clear who was being sued or who would handle the response, the defendant Toshoku through its employees had a duty to inquire and to determine what should be done and what was being done with regard to a lawsuit filed in a United States District Court.

The Court is of the opinion that the facts in this case show gross carelessness on

**2.** Defendant also filed a Motion to Dismiss alleging lack of jurisdiction.

**3.** Defendant contends that a *certificate* from the office of the Secretary of State regarding service of process was not in the record at the time of entry of default judgment and thus entry was improper. However, attached to plaintiff's affidavit in support of entry of default judgment was a letter from the Secretary of State of Texas to the defendant stating that process was enclosed with regard to the lawsuit, and also a copy of the certified mail return receipt acknowledging that defendant had received the letter and process. This constituted conclusive proof that the Secretary had forwarded process to Toshoku, and the Court is of the opinion that the absence of a *certificate* to that effect does not render entry of default judgment improper. *Whitney v. L & L Realty Corp.,* 500 S.W.2d 94 (Tex.Sup.1973); *Prine v. American Hydrocarbons,* 519 S.W.2d 520 (Ct. Civ.App. Austin, 1975).

the part of defendant, rather than excusable neglect, mistake or inadvertence. If a foreign corporation does business in Texas by entering into contracts with corporations of Texas, to be performed in whole or in part here, it must take steps to insure that its internal procedures allow it to be responsive to legal proceedings in this state. Failure of Toshoku's internal structure to provide a mechanism for response is not excusable neglect. See *Supermarket General Corp. v. Grinnell Corp.,* 59 F.R.D. 512 (S.D. N.Y.1973), and *Greenspun v. Bogan,* 492 F.2d 375 (1st Cir. 1974).

Toshoku is not entitled to relief from judgment under Rule 60(b)(1) under the theory that it was merely clerical error and the misplacing of the pleading. It is well settled that clerical error specifically refers to error of transcription, copying, or calculation. *West Virginia Oil & Gas Co. v. Breece Lumber Co.,* 213 F.2d 702 (5th Cir. 1954). Further, the evidence established that the complaint was not misplaced, but that an employee in the chemical department had filed it away and knew where it was at all times.

Nor is Toshoku entitled to relief from judgment under Rule 60(b)(1) under the theory that it did not consciously disregard the legal process. The Court is of the opinion that the carelessness of the defendant was so aggravated in this case that it is tantamount to a conscious disregard of the legal process. *Greenspahn v. Joseph E. Seagram & Sons,* 186 F.2d 616 (2d Cir. 1951).

For the foregoing reasons the Court overrules defendant's motion to vacate the Final Judgment entered by this Court on August 25, 1975.