Herbert CROOK, Receiver of American Insurance Management Service, Inc., Appellant,

v.

Lewis Z. TEITLER, Appellee.

No. 1266.

Court of Civil Appeals of Texas, Tyler.

June 21, 1979.

A. M. LeCroix, Christopher M. Maisel, Austin, for appellant.

James M. Steed, Chevy Chase, III, Austin, for appellee.

McKAY, Justice.

This appeal is a petition for writ of error to set aside a default judgment rendered against appellant.

Appellee brought suit against appellant, in his representative capacity as Receiver for American Insurance Management Services, Inc., alleging that appellee had sold goods and services to the company in receivership and that a balance of $2,015.60 was due and unpaid. Appellee also sought attorney's fees in the amount of $700.00. It appearing to the court below that appellant had not appeared or answered, the court granted appellee's motion for default judgment for the principal amount alleged and $300.00 in attorney's fees.

Appellant brings a single point of error, contending that the district court erred in asserting personal jurisdiction over appellant by rendering the default judgment. His argument thereunder is twofold: first, that appellant was not properly served with process under Rule 106,[1] and second, appellant made no appearance nor was there a waiver or acceptance of service of citation under Rule 119. Appellee has filed no brief in this court. The citation and officer's return are a part of the record before us, and the latter shows that the citation was executed "on the 16 day of Nov., 1977, by delivering to the within named Herbert Crook, Receiver of American Ins. Management Service, Inc. By delivering to L. V. bi Donato . . . " (appellant refers in his brief to the person served as "L. V. *di* Donato").

Since this appeal by writ of error constitutes a direct attack on the default judgment, the question presented is whether there is a lack of jurisdiction apparent on the face of the record which would invalidate the judgment of the trial court. *McKanna v. Edgar*, 388 S.W.2d 927, 928 (Tex.1965). Under this direct attack the judgment must be reversed unless jurisdiction does so appear on the face of the record. *Hanover Modular Homes of Taft, Inc. v. Corpus Christi Bank & Trust*, 476

---

1. All references are to the Texas Rules of Civil Procedure.

S.W.2d 97, 99 (Tex.Civ.App.—Corpus Christi 1972, no writ). The law is well settled that in order to uphold a default judgment against attack based upon a claim of invalid service of process, it is essential that the record affirmatively show a strict compliance with the provided manner and mode of service of process. *Hanover Modular Homes of Taft, Inc. v. Corpus Christi Bank & Trust,* supra; *Charles Cohen, Inc. v. Adams,* 516 S.W.2d 464, 465 (Tex.Civ.App.—Tyler 1974, no writ). As a rule, presumptions are made in support of a judgment (including presumptions of due service of citation when the judgment so recites), but no such presumptions are made in a direct attack upon a default judgment. *McKanna v. Edgar,* supra at 929.

Rule 106, thereafter amended, provided at the time pertinent to the instant case:

"Unless it otherwise directs, the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto. Where it is impractical to secure personal service, as above directed, the court, upon motion, may authorize service by leaving a copy of the citation, with petition attached, at the usual place of business of the party to be served, or by delivering same to anyone over sixteen years of age at the party's usual place of abode, by registered or certified mail, or in any other manner which will be reasonably effective to give the defendant notice of the suit."

In the instant case it is apparent on the face of the officer's return that service was not made upon appellant personally, but rather that it was delivered to one L. V. di Donato. Appellant states in oral argument before this court that di Donato is a staff attorney for appellant, but this does not appear in the record. Moreover, there is no indication in the record of an authorization by the court below for any manner of substitute or constructive service.

Neither is there any indication in the record that appellant made an appearance in the court below nor that he waived or accepted service of citation by a written, sworn memorandum filed among the papers of the case, as required by Rule 119.

The record in the case at bar will not support a default judgment. *Brown v. Robertson,* 28 Tex. 55, 557 (1866); *Vidauri v. State,* 3 S.W. 347 (Tex.App.1887); *Sindorf v. Cen-Tex Supply Co.,* 172 S.W.2d 775, 776 (Tex.Civ.App.—El Paso 1943, no writ); *Delgado v. Delgado,* 253 S.W.2d 708, 709 (Tex.Civ.App.—San Antonio 1952, writ dism'd).

The judgment of the trial court is reversed, and the cause is remanded for further proceedings.