CARS & CONCEPTS, INC., Appellant,

v.

Randy FUNSTON, d/b/a Tex-Hide Paint Industries, Appellee.

No. 18251.

Court of Civil Appeals of Texas, Fort Worth.

June 19, 1980.

Rehearing Denied July 24, 1980.

Fillmore, Lambert, Purtle & Lee, and Larry L. Lambert, Wichita Falls, for appellant.

Banner, McIntosh & Dobbs, and Juanita Pavlick, Wichita Falls, for appellee.

OPINION

MASSEY, Chief Justice.

We reverse judgment by default in this treble damages case for want of jurisdiction of the person of the defendant.

Randy Funston, as plaintiff, brought suit, under the Tex.Bus. & Comm.Code Ann., Subchapter E. "Deceptive Trade Practices and Consumer Protection", § 17.41, et seq, and including § 17.46, "Deceptive Trade Practices Unlawful" (in sub. (b) "(5) representing that goods . . . have . . characteristics, . . . benefits, or quantities which they do not have . . .").

Date suit originally brought was June 26, 1978, and in plaintiff's petition the defendants named were Morgan Motor Company, Inc., from which company Funston had purchased a certain automobile, and Chrysler Corporation, the manufacturer for which Morgan Motor Company was dealer-distributor. Thereafter, pursuant to discovery procedures which indicated advisability that such be done, plaintiff filed an amended petition in which there was added to the original defendants the new defendants, Safelite Industries, Inc., and Cars and Concepts, Inc. For purposes of default judgment the pleadings were sufficient to present allegations entitling plaintiff to the

relief for which he prayed from each of these defendants.

In answer to the suit all the defendants, save and except Cars and Concepts, Inc., filed answer in opposition. On May 3, 1979, plaintiff took an interlocutory default judgment against Cars and Concepts, Inc. for the amount of $37,292.00, being treble the purported difference in value of the automobile he had purchased as represented to be delivered from the value thereof as delivered; plus a sum representing treble the expenditure to obtain a substitute automobile for over a year; and plus $5,000.00 as attorney's fees. (The measure of damages used was error, but by our action that fact becomes immaterial.)

As of the time of the default judgment the defendants (other than Cars and Concepts, Inc.) remained as parties to the suit. It was for this reason the judgment was interlocutory merely. The trial court not only retained jurisdiction of the entire case as it existed against the remaining defendants, but it also retained jurisdiction as applied to the suit against Cars and Concepts, for that defendant could not then appeal. This situation obtained until date of June 20, 1979, when, upon motion by plaintiff, his case against all the defendants—other than Cars and Concepts—was severed and redocketed for trial under a new case number in the trial court. Under the original number the only defendant was Cars and Concepts; by reason of the severance, Cars and Concepts became the only defendant and no impediment being existent, the judgment originally interlocutory became a final and appealable judgment on June 20, 1979. This judgment decree, whether considered as rendered May 3, 1979 or as rendered June 20, 1979, was never interfered with at any time.

At the same hearing held June 20, 1979, pursuant to which there was the order of severance, the court heard the motion of Cars and Concepts to set aside and vacate the default judgment, then interlocutory, which had been rendered on May 3, 1979. Upon having received the usual postcard notice from the clerk of the trial court that a default judgment had been rendered against it, Cars and Concepts began action. On May 21, 1979 its Michigan attorney filed a motion to set aside the interlocutory default judgment. By June 12, 1979 it had employed Wichita Falls attorneys, and these attorneys filed a supplemental motion in embellishment, and appended thereto they attached the general denial they desired to file. Therein they plead that Cars and Concepts did not permit the default to be taken by design, willfully, or by intentional failure, but by excusable accident or mistake. It was averred that upon receipt of citation the same was turned over to its regular attorney who in turn forwarded suit papers to its insurance agent; that it was assured that an answer would be filed; and that it had no knowledge that none had been filed until the postcard notice was received from the clerk. Represented was that by the answer desired to be filed was presented a meritorious defense to plaintiff's suit.

The appeal is important to be considered in two ways: (1) As though it was a direct appeal from the default judgment, and (2) as though it was an appeal from the denial of a new trial as sought by the motion to set aside the interlocutory judgment by default rendered May 3, 1979.

## ON THE QUESTION OF JURISDICTION ON MAY 3, 1979

This was a case in which, upon application for default judgment, plaintiff had not only the obligation to make proof of service of citation upon Cars and Concepts by authorized substitute service thereof upon the Secretary of State, but was obligated to go further and prove that the Secretary of State had discharged the duty of mailing notice thereof to Cars and Concepts. At the trial on May 3, 1979, when the interlocutory default judgment was rendered, plaintiff proved the service of citation upon the Secretary of State, but failed to go further and prove the fact of notice, by certificate of the Secretary of State, or otherwise, that proper mail notice had been sent to Cars and Concepts by the Secretary.

At the time it was taken there was no valid interlocutory default judgment for want of that proof. In other words the situation displayed is one in which the court had rendered judgment without jurisdiction of the person of Cars and Concepts. Such a judgment would be void (actually voidable), for the validity of every judgment depends upon the jurisdiction of the court before it is rendered, not upon what may occur subsequently. *Prine v. American Hydrocarbons, Inc.*, 519 S.W.2d 520 (Tex.Civ.App.—Austin 1975, no writ).

Here, it is to be remembered, the judgment was not final even were it not void. The existence of other defendants, undisposed, inhibited finality so long as they remained parties under the same case (or until there was the severance which did actually occur pursuant to the hearing on June 20, 1979).

Immediately prior to severance the motion of Cars and Concepts to vacate the interlocutory default was heard, considered, and denied by the trial court on June 20, 1979. In other words, it might be said that while plaintiff's case pended in the trial court, and before any final and appealable judgment had been rendered, the defendant had presented itself as contestant of any right of the plaintiff to obtain valid judgment without trial of all the issues upon liability and damages. This hearing, on June 20, 1979, was not for purposes of a trial of the plaintiff's case; rather was it held to determine whether action theretofore taken in the case (and, as we have observed, at a time when the court did not have jurisdiction of the person, of the defendant Cars and Concepts) should be set aside because unconscionable. The fact that Cars and Concepts had in fact learned it had been sued at a time earlier than May 3, 1979 sort of "leaked out" as the admission of that defendant during the course of the June 20th hearing. From a close examination of all the evidence on June 20, 1979, however, it obviously showed the mere fact of that defendant's knowledge of the suit prior to May 3, 1979, not how that knowledge was acquired. Specifically, it was never shown that such knowledge was ac-

quired from the Secretary of State nor by receipt of that mailed notice provided for by Tex.Rev.Civ.Stat.Ann. art. 2031b, "Service of process upon foreign corporations and nonresidents", in its Sec. 5, "Delivery of process to Secretary of State; forwarding copy" (Supp.1980).

Anyway, that the Secretary of State had completely performed was not proved on May 3, 1979 when the trial court rendered default judgment. Our conclusion is that, because it was not proved at that trial, there was a fatal flaw in the interlocutory default judgment of that date which could not be cured at the hearing on June 20, 1979, and/or, if it could have been, was not cured. The fact that Cars and Concepts actually had knowledge that the suit pended did not "put it in court" even if the fact of its knowledge had been proved at the trial on May 3rd. *Whitney v. L & L Realty Corporation*, 500 S.W.2d 94 (Tex.1973); *Brace v. Busboon*, 261 Ark. 556, 549 S.W.2d 802 (Ark.1977). The default judgment must be reversed because of the trial court's want of jurisdiction of the person at the time it was rendered.

By our disposition of the case we do not reach the question of the Court's abuse of discretion in its denial of new trial at the hearing held June 20, 1979.

Judgment is reversed with the cause remanded to the trial court.