**William DEVINE, Appellant,**

v.

**Steve DUREE, Appellee.**

**No. 18510.**

Court of Civil Appeals of Texas, Fort Worth.

May 7, 1981.

Rehearing Denied June 4, 1981.

Pettigrew, Wagner & Pettigrew and Forrest W. Wagner, Grand Prairie, for appellant.

Frank R. Jelinek, Arlington, for appellee.

## OPINION

HUGHES, Justice.

William Devine has appealed, by writ of error, the default judgment rendered against him in a law suit instituted by Steve Duree who sought damages arising from his alleged reliance upon certain representations made to him by Devine. (American Metroplex Life Insurance Company, which has not appealed, was also sued for having been unjustly enriched in the transaction.) Substituted service of process pursuant to Tex.R.Civ.P. 106 (1978) was had upon Devine. Neither defendant filed an answer in the trial court nor participated in any way in the trial below.

We reverse and remand Duree's judgment against Devine.

Devine's first contention is that the trial court's rendition of default judgment against him was erroneous because the service of process had upon him was insufficient to subject him to the *in personam* jurisdiction of the trial court.

In order for Devine to succeed by way of writ of error the lack of the trial court's jurisdiction must appear on the face of the record. *McKanna v. Edgar*, 388 S.W.2d 927 (Tex.1965). Default judgments attacked on the ground that there was an invalid substituted service of process will be upheld only if the record affirmatively shows strict compliance with Rule 106. *Crook v. Teitler*, 584 S.W.2d 356 (Tex.Civ. App.—Tyler 1979, no writ); *Light v. Verrips*, 580 S.W.2d 157 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ).

Rule 106 provides:

"Unless it otherwise directs, the citation shall be served by

"(a) the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto, or

"(b) the officer's mailing by registered or certified mail, with delivery restricted to addressee only, a true copy of the citation and with a copy of the petition attached thereto.

"Where it is impractical to secure service, as authorized by (a) or (b) as above directed, the court, upon motion, may authorize service

" . . .

"(d) by the officer delivering same to anyone over sixteen years of age at the party's usual place of abode, . . . ."

The thrust of Rule 106 is discussed in *Harrison v. Dallas Court Reporting College, Inc.,* 589 S.W.2d 813, 815 (Tex.Civ.App.—Dallas 1979, no writ):

"[T]he supreme court has directed that citation shall be personally delivered by the officer under section (a) or shall be served by registered or certified mail under section (b). Both of these preferred modes of service are considered personal service. Plaintiff need not attempt both before procuring substituted service under Rule 106(c) but he must establish that *both* preferred methods are impractical before substituted service is authorized. Substituted service is only authorized where personal service cannot be obtained." (Citation omitted.)

The affidavit attached to Duree's "Motion for Substituted Service Under Rule 106" recites:

"(I) was instructed to attempt service on William Devine at 1622 Parkway Lane Tarrant County, Texas and made the following listed efforts to serve said Citation to no avail: I made several attempts there & only an elderly lady (his wife I found out) states he doesn't live there. I checked the office & the manager says he lives there & pays rent on 1622 & 1624. "Return for rule 106 to serve anyone over 16 yrs of age there."

The motion for substituted service was granted and substituted service was had upon Minola Devine at 1622 Parkway in Arlington.

■ There is no evidence in the record that the deputy sheriff attempted to serve Devine at 1624 Parkway Lane. Reasonable diligence to personally serve Devine at 1624 Parkway Lane should have been demonstrated before substituted service was ordered. *Sgitcovich v. Sgitcovich,* 150 Tex. 398, 241 S.W.2d 142, 147 (1951); *Nichols v. Wheeler,* 304 S.W.2d 229 (Tex.Civ.App.—Austin 1957, writ ref'd n.r.e.). We hold that the record does not sufficiently demonstrate that personal service upon Devine

was impractical. "[T]he Rules of Civil Procedure with respect to service of citation are mandatory and a failure to comply with them renders any attempted service void." *Harrison v. Dallas Court Reporting College, Inc., supra* at 816.

The sustaining of Devine's jurisdictional point renders discussion of his other points of error unnecessary. There having been no *in personam* jurisdiction acquired over Devine we reverse the default judgment rendered against him and remand the cause to the trial court.

Reversed and remanded.