**ROLAND COMMUNICATIONS, INC., Appellant,**

v.

**AMERICAN COMMUNICATIONS CORPUS CHRISTI, INC., Appellee.**

**No. 13–82–400–CV.**

Court of Appeals of Texas, Corpus Christi.

Nov. 30, 1983.

J.A. Canales, Canales & Garza, Corpus Christi, for appellant.

C.M. Henkel, III, Corpus Christi, for appellee.

Before WYE, C.J., and BISSETT and YOUNG, JJ.

## OPINION

BISSETT, Justice.

This is an appeal by writ of error from the granting of a default judgment in favor of American Communications Corpus Christi, Inc. Suit was filed by American Communications Corpus Christi, Inc., hereinafter "plaintiff," against petitioner Roland Communications, Inc., hereinafter "defendant," alleging breach of contract, breach of warranties, and violation of the Texas Deceptive Trade Practices Act. Plaintiff attempted to effect service on defendant, a foreign corporation with no registered agent in Texas, by service of process upon the Secretary of State of Texas pursuant to TEX.BUS.CORP.ACT.ANN. art. 8.10 (Vernon 1980). It is undisputed that plaintiff obtained service upon the Secretary of State.

Defendant's sole point of error in this appeal constitutes a direct attack on the default judgment. Defendant asserts that the trial court erred in granting a default judgment because there is no showing in the record that the Secretary of State forwarded a copy of the process served upon him to the defendant. TEX.BUS.CORP.ACT.ANN. art. 8.10 (Vernon 1980).

In order to invoke a court's long arm jurisdiction, it is required that a showing be made from the record that service of process was effected upon the Secretary of State, and also that the Secretary of State forwarded service of process to the defendant. Without such a showing that service was forwarded, the trial court will not acquire jurisdiction over the defendant. *Whitney v. L. & L. Realty Corp.,* 500 S.W.2d 94 (Tex.1973). Such service may be perfected by presenting a certificate from the Secretary of State showing that a copy of process was forwarded, *Whitney,* at 96, or by some other method. *Cars and Concepts, Inc. v. Funston,* 601 S.W.2d 801 (Tex.Civ. App.—Fort Worth 1980, writ ref'd n.r.e.).

The fact of service on the person of a non-resident defendant must be shown by proof appearing in the record. *Roberts v. Stockslager,* 4 Tex. 307 (1849); *De Proy v. Progakis,* 269 S.W. 78 (Tex.Comm'n App. 1925, holding approved.)

■ Plaintiff asserts that a statement by the trial judge and a notation on the docket sheet of the trial court constitute sufficient evidence that the Secretary of State did indeed forward a copy of process to defendant. We do not agree. The record nowhere shows that the Secretary of State did, in fact, forward such copy to the defendant corporation as required by Article 8.10. Therefore, there was no showing that the trial court ever acquired jurisdiction over the person of defendant. *Flynt v. City of Kingsville,* 125 Tex. 510, 82 S.W.2d 934 (1935).

■ Plaintiff could have easily shown that service was forwarded by submitting a certificate from the Secretary of State's office, but it did not do so. The testimony of the trial judge and the entry on the docket sheet do not suffice for this purpose. Neither of these reflect any personal knowledge as to whether the service was in fact forwarded to defendant, but are rather in the nature of pro forma recitals, which are not sufficient. The recitation of due service in the judgment is not conclusive in a direct attack as it is in a collateral proceeding *Whitney,* at 95, and it will not suffice to show that service was effected.

Since the trial court was without jurisdiction to render a default judgment in this case, it must be set aside. *Whitney,* at 97. Accordingly, the judgment below is REVERSED, and the cause is REMANDED.