John H. ROBERTS, Jr., Appellant,

v.

Leo J. NIEKERK, Appellee.

No. 05–86–00610–CV.

Court of Appeals of Texas, Dallas.

March 26, 1987.

Rehearing Denied May 26, 1987.

Leonard A. Hirsch, Dallas, for appellant.

William F. LePage, Dallas, for appellee.

Before STEPHENS, HECHT and THOMAS, JJ.

STEPHENS, Justice.

John H. Roberts appeals by writ of error from a default judgment rendered in favor of Leo J. Niekerk. In three points of error Roberts asserts that the trial court erred in entering default judgment because: (1) the record contains no evidence that the Secretary of State forwarded process to Roberts as required by the Texas long-arm statute; (2) Niekerk's claim was unliquidated and no evidence concerning damages was presented; and (3) the record fails to reflect a showing of good cause for the severance granted by the trial court. We agree with Roberts' first point of error and find it dispositive of the appeal before us. Accordingly, we grant the writ, reverse the judgment, and remand the cause to the trial court.

Niekerk filed suit against Roberts on August 16, 1985, alleging that Roberts owed him money under a written stock option agreement executed by the parties. Niekerk amended his original petition on October 25, 1985, to reflect the fact that Roberts was a resident of New York. On the same day, October 25, 1985, citation was issued and service was effected through service of process upon the Texas Secretary of State pursuant to the Texas long-arm statute. On January 10, 1985, the trial court severed certain causes of action presented in Niekerk's amended original petition and entered default judgment against Roberts on the remaining claims. The trial court entered judgment against Roberts in the amount of $229,174.07, together with attorney's fees in the amount of $1,500.00.

In his first point of error, Roberts contends that the record fails to reflect that the Texas Secretary of State forwarded process to him by registered or certified mail, return receipt requested, as required by section 17.045 of the Texas Civil Practice and Remedies Code and that, therefore, the trial court erred in entering default judgment against him.

Where in personam jurisdiction is based upon substituted service, the record must affirmatively show strict compliance with the statute authorizing such service. *Garrels v. Wales Transportation, Inc.*, 706 S.W.2d 757, 758 (Tex.App.—Dallas 1986, no writ); *Mylonas v. Texas Commerce Bank-Westwood*, 678 S.W.2d 519, 523 (Tex.App.—Houston [14th Dist.] 1984, no writ); *Franecke v. Dolenz*, 668 S.W.2d 481, 482 (Tex.App.—Austin 1984, writ dism'd); *Devine v. Duree*, 616 S.W.2d 439, 440 (Tex.Civ.App.—Fort Worth 1981, writ dism'd); *Crook v. Teitler*, 584 S.W.2d 356, 358 (Tex.Civ.App.—Tyler 1979, no writ). The Texas Supreme Court, construing article 2031b of the Texas Revised Civil Statutes in *Whitney v. L & L Realty Corp.*, 500 S.W.2d 94, 96 (Tex.1973), stated that "a showing *in the record* that the Secretary of State forwarded a copy of the process is essential to establish jurisdiction of the court over the defendants' persons" (emphasis added). *See also Cars & Concepts, Inc. v. Funston*, 601 S.W.2d 801, 802–3

(Tex.Civ.App.—Fort Worth 1980, writ ref'd n.r.e.).

■ The present Texas long-arm statute recodifies Texas Civil Statutes article 2031b and provides:

### § 17.045. Notice to Nonresident

(a) If the secretary of state is served with duplicate copies of process for a nonresident, he shall require a statement of the name and address of the nonresident's home or home office and shall immediately mail a copy of the process to the nonresident.

(b) If the secretary of state is served with process under Section 17.044(a)(3), he shall immediately mail a copy of the process to the nonresident (if an individual), to the person in charge of the nonresident's business, or to a corporate officer (if the nonresident is a corporation).

(c) If the person in charge of a nonresident's business is served with process under Section 17.043, a copy of the process and notice of the service must be immediately mailed to the nonresident or the nonresident's principal place of business.

(d) *The process or notice must be sent by registered mail or by certified mail, return receipt requested.*

(emphasis added). TEX.CIV.PRAC. & REM.CODE ANN. (Vernon 1986). The relevant case law construing Texas Civil Statutes article 2031b is applicable to section 17.045 of the Texas Civil Practice and Remedies Code since the Code merely recodifies existing "general and permanent statute law without substantive change." TEX. CIV.PRAC. & REM.CODE ANN. § 1.001(a) (Vernon 1986). Therefore, *Whitney* and the *Garrels* line of cases are applicable to the case before us.

■ We have reviewed the record in the case at bar and find no evidence that process was sent by the Texas Secretary of State to Roberts via registered or certified mail, return receipt requested, as required by section 17.045(d). There is no evidence in the record of strict compliance with section 17.045(d). Hence, the trial court lacked in personam jurisdiction over Roberts and, therefore, erred in entering default judgment against Roberts. *See Whitney*, 500 S.W.2d at 96; *Garrels*, 706 S.W.2d at 758; *Cars & Concepts, Inc.*, 601 S.W.2d at 802–3; *cf. Capitol Brick, Inc. v. Fleming Mfg. Co.*, 722 S.W.2d 399, 400–1 (Tex. 1986) (trial court properly acquired in personam jurisdiction over the corporate defendant by substituted service on the secretary of state).

■ Appellee argues that since the law presumes that public officials will perform their duties diligently, we should presume that the Secretary of State mailed notice to Roberts in the manner set forth in section 17.045(d). The law is settled that a petition for writ of error is a direct attack on the judgment and prevents this court from indulging in presumptions in support of the judgment. *McKanna v. Edgar*, 388 S.W.2d 927, 929–30 (Tex.1965); *Garrels*, 706 S.W.2d at 758; *Cates v. Pon*, 663 S.W.2d 99, 102 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.); *Crook*, 584 S.W.2d at 358.

■ Roberts, having now appeared to attack the default judgment, has submitted himself to the jurisdiction of the district court and no new service is necessary. *Garrels*, 706 S.W.2d at 759; TEX.R.CIV.P. 123.

The judgment is reversed and the cause remanded.