**WTW AMERICAS, INC., Appellant,**

v.

**SYSTEMS INTEGRATION, INC., Appellee.**

No. 10–06–00066–CV.

Court of Appeals of Texas, Waco.

March 14, 2007.

Lewis W. Jost, Houston, for appellant.

Thomas F. Dunn, Arlington, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

BILL VANCE, Justice.

Systems Integration, Inc. obtained a default judgment against WTW Americas, Inc., a Canadian entity, after serving the Secretary of State with process under the Texas long-arm statute. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 17.044 (Vernon 1997). The trial court denied WTW's motion for new trial, and WTW raises three issues in this appeal. We will reverse and remand.

■ After the default judgment had been entered, WTW, unaware of the default judgment, filed an answer and a counterclaim and a third-party petition

against Holcim Texas Limited Partnership, which then counterclaimed against WTW. WTW claims that when the default judgment was entered, the default judgment disposed of, and the trial court intended to dispose of, all claims and parties.[1] We agree.

■■■ "A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record, except as necessary to carry out the decree." *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex.2001). No presumption of finality follows a default judgment. *See id.* at 199–200. But a default judgment is deemed final if it expresses an unequivocal intent to finally dispose of the case. *In re Burlington Coat Factory Warehouse of McAllen, Inc.*, 167 S.W.3d 827, 830 (Tex. 2005). Absent a conventional trial on the merits, a judgment is final "if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Lehmann*, 39 S.W.3d at 192–93. Because the trial court indisputably did dispose of, and intended to dispose of, all parties and claims *at the time* it entered the default judgment, we have jurisdiction to address the merits of this appeal.

The record shows that Systems duly served the Secretary of State. Upon being served, the long-arm statute requires the Secretary of State to mail a copy of the process to the nonresident by registered mail or by certified mail, return receipt requested. TEX. CIV. PRAC. & REM.CODE ANN. § 17.045(a), (d) (Vernon Supp.2006).

■■■ For the trial court to have personal jurisdiction over the defendant, the record must affirmatively show that the Secretary

of State forwarded a copy of the citation and attached original petition to the defendant. *See Whitney v. L & L Realty Corp.*, 500 S.W.2d 94, 96–97 (Tex.1973); *Redwood Group, L.L.C. v. Louiseau*, 113 S.W.3d 866, 870 (Tex.App.-Austin 2003, no pet.). This requirement is typically met by filing with the trial court what has become known as a *Whitney* certificate. *See Whitney*, 500 S.W.2d at 96; *Wright Bros. Energy, Inc. v. Krough*, 67 S.W.3d 271, 274 n. 1 (Tex.App.-Houston [1st Dist.] 2001, no pet.).

■ In its first issue, WTW contends that the record is silent on the question of whether the Secretary of State forwarded the documents as required. Systems concedes that there was no *Whitney* certificate or any other form of proof of mailing by the Secretary of State in the record before the default judgment was obtained. Instead, Systems, principally citing *Wilson v. Dunn*, 800 S.W.2d 833, 837 (Tex.1990), argues that WTW waived its complaint about the absence of a *Whitney* certificate because WTW did not bring it to the trial court's attention and, in its motion for new trial and appellate brief, judicially admitted that it had been served by the Secretary of State.

WTW was not required to raise the absence of the *Whitney* certificate in its motion for new trial. *See Wilson*, 800 S.W.2d at 837 (citing TEX.R. CIV. P. 324). And we decline to find waiver based on alleged judicial admissions that WTW was served by the Secretary of State. *See Benefit Planners, L.L.P. v. RenCare, Ltd.*, 81 S.W.3d 855, 861 (Tex.App.-San Antonio 2002, pet. denied) (referring to strict standards governing judicial admissions in default judgment context); *see also Hennigan v. I.P. Petroleum Co., Inc.*, 858 S.W.2d

---

1. WTW filed a response to our request for briefing on whether the default judgment was interlocutory, but Systems did not file a reply to WTW's response.

371, 372 (Tex.1993) (testimony constituting conclusive judicial admission must be, *inter alia*, deliberate, clear and unequivocal). WTW did not judicially admit that it was duly served in accordance with section 17.045 by registered mail or by certified mail, return receipt requested, and we will not use an implication or inference to create a judicial admission, particularly in the default judgment context. *See Benefit Planners*, 81 S.W.3d at 861; *see also Anderson v. Vaughn*, 2006 WL 1211094, at *2 (Tex.App.-Amarillo May 3, 2006, no pet. h.) (mem.op.) (rejecting waiver and judicial admission argument in default judgment context).

The trial court erred in entering the default judgment against WTW because it did not have personal jurisdiction over WTW. *See Roberts v. Niekerk*, 730 S.W.2d 341, 343 (Tex.App.-Dallas 1987, writ ref'd). WTW's first issue is sustained. Because the first issue is dispositive, we do not consider the remaining two issues. We reverse the default judgment and remand the cause for further proceedings.

Chief Justice GRAY dissenting.

TOM GRAY, Chief Justice, dissenting.

With relatively no analysis and unjustified reliance on a single word, "then," the majority holds we have jurisdiction of this appeal. But the parties to this appeal, and other parties, continue to litigate various claims in the underlying case in the trial court. On the facts of this case, I would hold that we do not have jurisdiction of this appeal. Accordingly, I would dismiss it. Because the question of our jurisdiction is an issue that has broad implications on default judgment and summary judgment practice, I believe the issue deserves far more analysis than it is given by the majority, and that the correct analysis will yield a different result than the one reached by the majority.

## BACKGROUND

Systems Integration sued WTW. WTW failed to timely answer and Systems Integration took a default judgment against WTW. On the date default judgment was taken, December 1, 2006, WTW served opposing counsel with its answer, counterclaim, and third party petition which brought another party, Holcim, into the suit. The copy WTW sent to the trial court clerk was filed December 5, 2006. The following proceedings then occurred.

December 19, 2005  WTW filed a motion for new trial after default judgment

December 27, 2005  Third party defendant, Holcim, filed an answer and a third party petition

January 3, 2006  Systems Integration filed an answer to WTW's counterclaim asserting res judicata, collateral estoppel, and seeking attorney's fees and costs

January 12, 2006  Systems Integration filed a response to WTW's motion for new trial

January 18, 2006  WTW filed a reply to Systems Integration's response to the motion for new trial

January 23, 2006  Systems Integration filed a reply to WTW's reply

February 22, 2006  Trial court denied motion for new trial

February 28, 2006  WTW filed a notice of appeal

## APPEAL

Before our opinion issued, the Court requested briefing on the issue of our jurisdiction, specifically, whether the judgment was final. Not surprisingly, WTW filed a response contending that at the time that the default judgment was signed, it disposed of all parties and all issues. Of

course, like any party aggrieved by a ruling of the trial court, WTW wants the default judgment set aside before it proceeds to trial on the remaining issues. If WTW is successful in having the default judgment overturned, it will have defeated at least one of the defenses, res judicata, Systems Integration raised as a defense to WTW's counterclaim, a counterclaim which is still pending in the trial court proceeding below. A review by this Court of the validity of the default judgment will thus have a substantial impact on the course of development of the issues which are still pending in the underlying litigation.

There is a procedure by which we could clearly obtain jurisdiction of such an issue. That procedure is section 51.014(d) of the Civil Practice and Remedies Code. It has, however, not been complied with.

So we must determine if, on this record, we have jurisdiction of this appeal. The following two statements are both entirely correct:

1. The default judgment disposed of all the pending claims between all the parties.

2. The default judgment does not dispose of all the pending claims between all the parties.

Which statement is correct, however, is purely one of timing. When the judgment was signed, there was only one pleading asserting various claims and there were only two parties. The judgment disposed of all the claims on file which had been asserted in the single pleading by Systems Integration against WTW. But before the judgment became final, two things happened. First, other claims were filed and another party was added. Second, an ap-

peal was filed. The default judgment being appealed does not dispose of the new claims, nor does it dispose of all the parties before the trial court at the time of the appeal.

## No Jurisdiction

So do we have a final appealable judgment? The majority cites a phrase out of *Lehman* stating:

a judgment is final "if and only if either it actually disposes of all claims and parties *then* before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Lehmann [v. Har-Con Corp.]*, 39 S.W.3d [191] at 192–193 [Tex.2001].

Maj. op. at p. 746 (emphasis added). The majority focuses on the word "then" and concludes this Court has jurisdiction of this appeal: "Because the trial court indisputably did dispose of, and intended to dispose of, all parties and claims *at the time* it entered the default judgment, we have jurisdiction to address the merits of this appeal." *Id.* (emphasis in majority's text).

There are a number of problems with this temporal analysis of our jurisdiction which I will try to summarize without unnecessarily lengthening this opinion. If the majority's analysis is correct:

1. Almost every default judgment would be appealable, even if it were subsequently set aside or modified;

2. The addition of claims or parties to the same trial court proceeding after a default judgment or summary judgment, but before the trial court loses plenary power,[1] would result in

---

1. Filing additional claims or adding new parties while the trial court has plenary power is what makes this case different from *Leach v. Brown*, 156 Tex. 66, 292 S.W.2d 329, 331

(1956), *Cockrell v. Central Sav. and Loan Ass'n.*, 788 S.W.2d 221, 224 (Tex.App.-Dallas 1990, no pet.), and *Loomis Land & Cattle Co. v. Wood*, 699 S.W.2d 594, 596 (Tex.App.-Tex-

two appealable judgments from the same underlying proceeding;

3. If the judgment is not appealed while other claims filed before the trial court loses plenary power are proceeding in the trial court, such a judgment could not later be set aside or modified by the trial court or an appellate court; and

4. Subsequent events, like the trial court granting a new trial, would not deprive us of jurisdiction.

With regard in particular to number 2 above, it is interesting to note that the majority's quote from *Lehmann*, wherein they rely so heavily upon the word "then," does not include the beginning of the sentence being quoted. The sentence starts: "We therefore hold that in cases in which only one final and appealable judgment can be rendered, a judgment issued without a conventional trial is final for purposes of appeal if and only if either...." This language is critical to a proper understanding of the Supreme Court's holding. I believe the reference to timing by use of the word "then" has to relate back to the time of the taking, and the pursuit of, the appeal and is not limited to the point in time, the instant in time, when the trial court puts pen to paper and signs the judgment. Any such limitation, like a snapshot, freezes litigation at an arbitrary point in a process. Litigation is dynamic. By a stroke of the same hand with the same pen, the trial court could have granted the motion for new trial, even after it had been denied, and thereby end the jurisdiction we had for those fleeting moments after the default judgment was signed.

In this case, however, it was the action of one of the parties by adding new claims and a new party not addressed by the existing trial court judgment that put an end to the jurisdiction of this Court to review the default judgment. It is now nothing more than an interlocutory default judgment over which we have no jurisdiction to review at this juncture.

Because I find we have no jurisdiction to review what is now simply an interlocutory default judgment, we have no authority to review the merits of the appellant's issues challenging the validity of the trial court's judgment. Our only proper course of action is to dismiss the appeal for want of jurisdiction. Because the majority does otherwise, I respectfully dissent.

___

arkana 1985, writ ref'd n.r.e.), wherein new claims were filed in the same trial court proceeding long after the trial court had lost jurisdiction of the proceeding. The courts in those appeals held the new filings constituted new proceedings though filed under an old

trial court case number. No one has contended the subsequently filed pleadings raising additional claims and adding a new party should have been filed as a new trial court proceeding. Also, there has been no severance of any claims or parties.