

# IN THE
# TENTH COURT OF APPEALS

### No. 10-10-00074-CV

**GRADY AND ANN SULLIVAN,**

              **Appellants**

 **v.**

**GERMANIA FARM MUTUAL INSURANCE
ASSOCIATION, METRO-PLEX FOUNDATION
COMPANY, INC., ARC, INC., RICHARD
THOMAS WILLIAMS D/B/A TEJAS ENGINEERS
& CONTRACTORS, AND J. RUSSELL MACKEY,**

              **Appellees**

---

**From the 74th District Court
McLennan County, Texas
Trial Court No. 2006-3539-3**

---

## MEMORANDUM OPINION

---

  Before the Court is Appellee J. Russell Mackey's motion to dismiss this appeal. Mackey contends that the Sullivans failed to timely perfect the appeal and thus we lack jurisdiction. The Sullivans have filed a response contending that their notice of appeal was timely filed. The controlling issue is whether a default judgment signed by the trial

court on November 16, 2009 or a subsequent judgment signed on January 20, 2010 is the final judgment. We will conclude that the November 16 judgment is the final judgment. Thus, we will grant Mackey's motion to dismiss.

The first pertinent stage in the litigation is Mackey's summary-judgment motion, which the trial court granted by order signed November 5, 2009, effectively disposing of all the Sullivans' claims against Mackey.

The case was set for jury trial on the remaining claims on November 16. However, the remaining defendants failed to appear. The November 16 judgment recites that:

- The Sullivans, Germania Farm Mutual Insurance Association, and Metro-Plex Foundation Company had "previously announced settlement of Plaintiffs' claims against those said two Defendants"; and

- Richard Thomas Williams and ARC, Inc. failed to appear.

The court rendered a default judgment against Williams and ARC. The judgment concludes, "All relief requested in this case and not expressly granted is denied. This judgment finally disposes of all parties and claims and is appealable."

On January 19, 2010, the Sullivans filed a motion to dismiss their claims against Metro-Plex because the parties had settled. On January 20, the court signed an order dismissing the Sullivans' claims against Metro-Plex. On January 21, the Sullivans and Germania filed a joint motion to dismiss the Sullivans' claims against Germania. The court signed an order dismissing those claims on January 20, and the order was entered on January 21.

The court also signed a new "final judgment" on January 20. The January 20 judgment again recites the rendition of default judgment against Williams and ARC and in the Sullivans' favor. The judgment includes the following paragraph explaining the need for entry of a second judgment:

> The above Judgment was reduced to writing and signed by the Court on November 16, 2010 [sic], however, said Judgment erroneously stated that Plaintiffs' claims against Defendants Germania Farm Mutual Insurance and Metro-Plex Foundation Company, Inc., had been finally disposed of when they had not.

The issue of which judgment is the final judgment rests on the application of the principles announced in *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191 (Tex. 2001). There, the Court held:

> [I]n cases in which only one final and appealable judgment can be rendered, a judgment issued without a conventional trial is final for purposes of appeal if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties.

*Id.* at 192-93.

A default judgment is one "issued without a conventional trial." *See In re Burlington Coat Factory Warehouse of McAllen, Inc.*, 167 S.W.3d 827, 829 (Tex. 2005) (orig. proceeding); *Lehmann*, 39 S.W.3d at 199-200; *WTW Americas, Inc. v. Sys. Integration, Inc.*, 221 S.W.3d 744, 746 (Tex. App.—Waco 2007, no pet.). Thus, the November 16 judgment will be considered the final judgment only if it: (1) actually disposes of all claims and parties; or (2) "states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Lehmann*, 39 S.W.3d at 192-93.

As seen by subsequent events, the November 16 judgment did not actually dispose of the Sullivans' claims against Germania and Metro-Plex, with whom they later settled. However, the November 16 judgment states, "This judgment finally disposes of all parties and claims and is appealable."

According to *Lehmann*:

> A statement like, "This judgment finally disposes of all parties and all claims and is appealable", would leave no doubt about the court's intention. An order must be read in light of the importance of preserving a party's right to appeal. If the appellate court is uncertain about the intent of the order, it can abate the appeal to permit clarification by the trial court. But if the language of the order is clear and unequivocal, it must be given effect despite any other indications that one or more parties did not intend for the judgment to be final. An express adjudication of all parties and claims in a case is not interlocutory merely because the record does not afford a legal basis for the adjudication. In those circumstances, the order must be appealed and reversed.

*Id.* at 206; *accord Burlington Coat Factory*, 167 S.W.3d at 830.

The November 16 judgment "states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Lehmann*, 39 S.W.3d at 192-93; *accord Burlington Coat Factory*, 167 S.W.3d at 830. The Sullivans did not timely perfect an appeal from the November 16 judgment. Accordingly, we grant Mackey's motion and dismiss the appeal.

FELIPE REYNA
Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
Appeal dismissed
Opinion delivered and filed April 14, 2010
[CV06]