Chester **FRANECKE**, Petitioner,

v.

Bernard J. **DOLENZ**, Respondent.

No. 13914.

Court of Appeals of Texas, Austin.

March 21, 1984.

Rehearing Denied April 18, 1984.

Harold D. Hammett, Fort Worth, for petitioner.

Bernard J. Dolenz, pro se.

Before SHANNON, EARL W. SMITH and GAMMAGE, JJ.

SHANNON, Justice.

This cause is in this Court by writ of error from a default judgment for $1,189,-246.25 rendered by the district court of Travis County against petitioner Chester Franecke. Respondent is Bernard J. Dolenz. The threshold problem is whether the district court obtained jurisdiction of Franecke by substituted service of process on the Secretary of State in accordance with Tex.Rev.Civ.Stat.Ann. art. 2031b (1964).

In his trial pleading, Dolenz alleged that Franecke "... is a necessary party and may be served [sic] process through the Secretary of State in accordance with Art. 3021b [sic] at 1001 HAGYS FORD ROAD, PENN VALLEY, PENNSLYVANIA 19042 .... Chester Franecke does not maintain a place of business himself, nor does he have a designated agent in Texas."

■ Franecke made no appearance, and on July 23, 1982, the district court rendered the default judgment. The judgment recited that Franecke "... though having been duly served with process, failed to answer." Because the writ of error is a direct attack upon a default judgment, the recital in the judgment of due service of citation is not controlling. *McKanna v. Edgar*, 388 S.W.2d 927 (Tex.1965).

Franecke claims that substituted service was not made in accordance with the provisions of art. 2031b. This Court is in agreement and will reverse the default judgment.

■ One who seeks to utilize any form of substituted service on a defendant must demonstrate strict compliance with the applicable statute. *Charles Cohen, Inc. v. Adams*, 516 S.W.2d 464 (Tex.Civ.App.1974, no writ). He must: (1) plead facts that, if true, would require the defendant to answer; and (2) prove that the defendant, in fact, was served in the required manner. *Whitney v. L & L Realty Corp.*, 500 S.W.2d 94 (Tex.1973).

The quoted part of Dolenz' pleading shows that he did not plead facts entitling him to obtain substituted service on Franecke by serving the Secretary of State pursuant to art. 2031b.

■ To obtain substituted service under sec. 3 of art. 2031b one must plead, among other things, that the defendant is a *nonresident natural person. See Alpha Guard, Incorporated v. Callahan Chemical Company*, 568 S.W.2d 448 (Tex.Civ.

App.1978, no writ). The quoted part of Dolenz' pleading shows that Dolenz failed to make that allegation. Dolenz' pleading merely identified where Franecke could be served as Penn Valley, Pennsylvania; it did not plead that Franecke was a "non-resident natural person." It does not follow that the state in which Franecke can be found is also the state of his residence. Neither does it follow that because Franecke could be found at the given address that he is not a resident of Texas. Strict compliance with art. 2031b is required, *Whitney v. L & L Realty Co., supra; Alpha Guard, Incorporated v. Callahan Chemical Company, supra,* and no presumptions are made in support of service. *McKanna v. Edgar, supra; Prine v. American Hydrocarbons, Inc.,* 519 S.W.2d 520 (Tex.Civ.App.1975, no writ).

Franecke, having now appeared to attack the judgment, is presumed to have entered his appearance to the term of court at which the mandate shall be filed. Tex. R.Civ.P. 123 (1979). The judgment is reversed and the cause is remanded to the district court for trial.