L. Kent Clay, Kelly, Appleman, Hart & Hallman, Fort Worth, Tex., for plaintiff.

## FIRST CITY NATIONAL BANK OF FORT WORTH

v.

## Jim E. COOK.

### Civ. A. No. 4-86-747-K.

United States District Court, N.D. Texas, Fort Worth Division.

Feb. 13, 1987.

### MEMORANDUM OPINION

BELEW, District Judge.

Pending before this Court is Plaintiff's Motion for Judgment by Default. No response has been filed. Default Judgment is appropriate where the Defendant has been served but has failed to answer. At issue here is whether Defendant was properly served.

Plaintiff filed its Complaint on September 18, 1986, at which time it also issued summons. No return of service was received by the Clerk's office. On December 9, 1986, Plaintiff amended its Complaint and again issued summons to Defendant. No return of service was received. On January 5, 1987, the summons was returned unexecuted with the notation that the server was unable to locate the Defendant. On December 11, 1986, the Plaintiff delivered the summons to Myra McDaniel, Secretary of the State of Texas. Likewise, two copies of the summons and Complaint were served upon the Secretary of State. That same day, the Secretary forwarded a copy to the Defendant by cer-

tified mail, return receipt requested. To date, no response has been received. On January 9, 1987, a return of service from the Secretary of State was received by the Clerk's office.

The crux of this motion is whether service on the Secretary of State of Texas is sufficient service of Defendant. Rule 4(e) of the Federal Rules of Civil Procedure provides in pertinent part:

Whenever a statute ... of the state in which the district court is held provides (1) for service of a summons ... upon a party not an inhabitant of or found within the state ... servcie may ... be made under the circumstances and in the manner prescribed in the statute ...

In *Attwell v. LaSalle National Bank,* 607 F.2d 1157, 1160 (1979), the Fifth Circuit approved the use of a state long-arm statute to obtain service over a defendant in a suit pending in federal court. It is therefore necessary to examine the relevant Texas statutes.

Section 17.044(b) of V.T.C.A., Civil Practice & Remedies Code provides for that:

"the Secretary is an agent for service of process on a nonresident who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process, in any proceeding that arises out of the business done in this state and to which the nonresident is a party."

Plaintiff is a banking corporation duly incorporated in Texas and having its principal place of business in Fort Worth, Texas. Defendant Jim E. Cook is an individual residing in Oklahoma. Defendant does not maintain a place of regular business in Texas and he does not have a designated agent in Texas upon whom service may be made. On or about March 23, 1986, Defendant Jim E. Cook executed in Fort Worth, Texas and delivered his promissory note of $131,250.00 to the First City National Bank of Fort Worth, Texas and delivered his promissory note of $131,250.00 to the First City National Bank of Fort Worth.

At that same time, Defendant executed and delivered to Plaintiff an Aircraft Security Agreement whereby Defendant agreed to mortgage a 1967 Aero Commander 1121B, Serial No. 106, FAA Registration No. N-40AB in order to secure his indebtedness to the bank. The terms of the note required a quarterly interest payment on June 23, 1986 which Defendant failed to pay. Pursuant to the terms of the note, Plaintiff chose to accelerate the maturity of the principal balance and accrued interest on the promissory note. The balances are currently due and payable.

In order for a plaintiff to utilize any form of substituted service on a defendant, he must strictly comply with the applicable statute. *Franecke v. Dolenz,* 668 S.W.2d 481, 482 (Tex.Ct. of Appeals 1984). The plaintiff must: (1) plead facts that, if true, would require the defendant to answer, and (2) prove that the defendant in fact, was served in the required manner. *Id.*

Plaintiff has pled facts sufficient to warrant a response from Defendant Cook. Plaintiff's Complaint sets forth a controversy to which Defendant must respond.

In order to obtain substituted service, Plaintiff must plead that Defendant is a "nonresident natural person." *Id.* In Plaintiff's Amended Complaint, it specifically states that "Jim E. Cook is an individual" and that "Defendant is a nonresident of the State of Texas." Plaintiff must likewise plead that Defendant does not maintain a place of regular business in this State and that Defendant had not designated an agent for service within the state. *Woodcock, Cummings, Taylor & French, Inc. v. Crosswell,* 468 S.W.2d 864 (Tex.Civ. App.1971); *Harris v. Hayles,* 433 S.W.2d 250 (Tex.Civ.App.1968). Plaintiff has satisfied these requirements. In its Amended Complaint, it states "Defendant ... does not maintain a place of regular business in Texas or a designated agent upon whom service may be made."

The final criteria for substituted service is that Defendant engaged in business in the State of Texas. The facts are clear that Defendant came to Fort Worth, Texas and executed and delivered a promissory note to Plaintiff. Such conduct satisfies the "doing business" requirement.

The fact that the Secretary of State has received no return of service from the Defendant does not destroy the service. In *BLS Limousine Service, Inc. v. Buslease, Inc.*, 680 S.W.2d 543, 546 (Tex.App.1984), that court held that substituted service upon defendant was proper even though the citations were returned to the Secretary with the notation "refused." It is therefore clear that substituted service upon the Secretary of State is sufficient service on Defendant.

Because Defendant was properly served in this instant and no answer has been filed, default judgment is appropriate.

A judgment will be entered this date in accordance with this opinion.

## DEFAULT JUDGMENT

On the 11 day of February, 1987 came on to be heard the above entitled and numbered cause wherein First City National Bank of Fort Worth is Plaintiff and Jim E. Cook is Defendant. The Plaintiff appeared by its attorney of record and announced ready for trial. The Defendant, although having been duly and legally cited to appear and answer, failed to appear and answer and wholly made default.

Citation was served according to law under substituted service of process on the Texas Secretary of State and returned to the Clerk where it remained on file for the term required by law. The Court has read the pleadings and the papers on file, and is of the opinion that the allegations of Plaintiff's petition have been admitted and that the cause of action is liquidated and proved by an instrument in writing and that Defendant is indebted to Plaintiff in the sum of ONE HUNDRED THIRTY–ONE THOUSAND TWO HUNDRED FIFTY AND NO/100 DOLLARS ($131,250.00), plus interest of $8,221.35, as of January 14, 1987 with interest continuing to accrue at a rate of $40.00 per diem until the date of judgment, post judgment interest at the rate of 5.75% per annum, and Plaintiff should recover its reasonable attorney's fees, which the Court finds to be $2,016.11 and all costs of court, and that Plaintiff's

security interest in the property securing the indebtedness be foreclosed.

It is therefore, ORDERED, ADJUDGED AND DECREED by the Court that Plaintiff, First City National Bank, have and recover from Defendant Jim E. Cook the sum of $131,250.00, together with interest in the sum of $8,221.35 as of January 14, 1987 and $40.11 per diem thereafter until the date of judgment, post judgment interest at a rate of 5.75% per annum, its reasonable attorney's fees of $2,016.11, and costs of court and that Plaintiff be allowed to foreclose on the Aero Commander 1121B, Serial No. 106, FAA Registration No. N40AB, for all of which let execution issue.

All relief not expressly granted herein is denied.