Bauer - final 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-104-CV





H. G. BAUER MOVING & STORAGE, INC.,



 APPELLANT


vs.





JEANIE JEWELL,



 APPELLEE



 




FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT



NO. C-91-366B, HONORABLE FRED CLARK, JUDGE PRESIDING



 





 H. G. Bauer Moving & Storage, Inc. ("Bauer") appeals by petition for writ of error
from a default judgment in the amount of $750,000 granted in favor of Jeanie Jewell. We will
reverse the judgment of the trial court and remand the cause for further proceedings.


BACKGROUND



 This suit arises out of a collision between a tractor-trailer rig and an automobile
driven by appellee, Jewell. On November 3, 1989, Jewell was stopped at a traffic light on the
Interstate-35 access road in New Braunfels, Texas, when the tractor-trailer struck her automobile
from behind. Jewell suffered disabling injuries. She later sued Jimmie Sauseda, the driver of the
tractor-trailer, for his negligence in causing the wreck and Bauer under the doctrine of respondeat
superior. Jewell alleged that Bauer owned the rig and employed Sauseda, and that Sauseda was
acting within the course and scope of his employment at the time of the collision. Sauseda is a
resident of Johnson County, Texas, and was personally served with citation but failed to answer
or appear. Bauer is a Louisiana corporation with its principal office at 1111 Barracks Street in
New Orleans and does not maintain a regular place of business or designated agent for service of
process in Texas. Jewell attempted citation on Bauer by substituted service on the Secretary of
State, pursuant to the long-arm statute provisions applicable to non-resident corporations. See
Tex. Civ. Prac. & Rem. Code Ann. § 17.044(b) (West 1986). Jewell obtained Bauer's address
through the office of the Louisiana Secretary of State. Either by mistake of that office, mistake
in communication, or typographic error, Jewell pleaded an incorrect address for Bauer: 111
Barracks Street. Jewell provided this incorrect address to the Secretary of State for the purpose
of forwarding the citation and petition to Bauer. See Tex. Civ. Prac. & Rem. Code Ann.
§ 17.045(a) (West 1986). The Secretary of State attempted delivery by certified mail to the
incorrect address, but the citation and petition were returned stamped "unclaimed." After the time
to answer had expired, the trial court rendered a default judgment in the amount of $750,000
against Sauseda and Bauer, jointly and severally. Only Bauer appeals this judgment by petition
for writ of error.


DISCUSSION AND HOLDING



 The elements for review by petition for writ of error are (1) the petition must be
brought within six months of the date the judgment is signed, (2) by a party to the suit, (3) who
did not participate either in person or by his attorney in the actual trial, and (4) error must be
apparent from the face of the record. Tex. R. App. P. 45; Stubbs v. Stubbs, 685 S.W.2d 643,
644 (Tex. 1985). The first three elements have been satisfied, so we will focus on whether there
is error apparent on the face of the record.

 Bauer attacks the judgment on various theories in eight separate points. To resolve
this appeal, we need address only the contention that Jewell failed to properly plead and provide
the Secretary of State with Bauer's "home" or "home office" address, set out in point of error
two.

 Because the writ of error is a direct attack upon a default judgment, a recital in the
judgment of due service of citation is not controlling. McKanna v. Edgar, 388 S.W.2d 927 (Tex.
1965); Franecke v. Dolenz, 668 S.W.2d 481, 482 (Tex. App.--Austin 1984, writ dism'd). There
are no presumptions in favor of valid issuance, service, and return of citation in the face of a writ
of error attack on a default judgment. Uvalde Country Club v. Martin Linen Supply, Inc., 690
S.W.2d 884, 885 (Tex. 1985); McKanna, 338 S.W.2d at 929.

 A party who seeks to invoke any form of substituted service must demonstrate strict
compliance with the applicable statute. Uvalde, 690 S.W.2d at 885; Franecke, 668 S.W.2d at
482. The party must (1) plead facts which, if true, would make the defendant amenable to process
by the use of the long-arm statute, and (2) show proof in the record that the defendant was, in
fact, served in the manner the statute required. Whitney v. L. & L. Realty Corp., 500 S.W.2d 94,
95-96 (Tex. 1973); Bannigan v. Market Street Dev., Ltd., 766 S.W.2d 591, 592 (Tex.
App.--Dallas 1989, no writ).

 Bauer argues that Jewell failed to strictly comply with the statutory requirement to
provide the Secretary of State with the defendant's "home" or "home office" address. See Tex.
Civ. Prac. & Rem. Code Ann. § 17.045(a) (West 1986). We agree. By providing the Secretary
of State with an incorrect address for service, Jewell has failed to strictly comply with the long-arm statute. 

 The plaintiff has the burden to show compliance with the long-arm statute. 
Whitney, 500 S.W.2d at 95. In her original petition, Jewell stated that "Defendant, H.G. BAUER
MOVING & STORAGE, INC., is a corporation organized in the State of Louisiana, with its
principal address at 111 Barracks Street, New Orleans, Louisiana, c/o Peter Bauer, President .
. . ." Jewell concedes that this address was incorrect. Further, Jewell misidentifies this address
as Bauer's "principal address" rather that its "home office." 

 Jewell also directed the Secretary of State to forward the citation and petition to the
"principal address" of Bauer rather than its "home office". In several similar cases, the courts
have held instructions to the Secretary of State to forward the citation and petition to the
defendant's "address," "last known address," "last known mailing address," and "merchant's
notice address" as not in strict compliance with section 17.045. Bank of Am., N.T.S.A. v. Love,
770 S.W.2d 890, 891 (Tex. App.--San Antonio 1989, writ denied); Bannigan, 766 S.W.2d at 592;
Carjan Corp. v. Sonner, 765 S.W.2d 553 (Tex. App.--San Antonio 1989, no writ); Verges v.
Lomas & Nettleton Fin. Corp., 642 S.W.2d 820 (Tex. App.--Dallas 1982, no writ). The record
here does not compel the inference that the "principal address" was either the "home" or "home
office" address of Bauer. The only reference to Bauer's address in the record is the above-quoted
allegation in Jewell's petition. Cf. Mahon v. Caldwell, Haddad, Skaggs, Inc., 783 S.W.2d 769
(Tex. App.--Fort Worth 1990, no writ) (contract attached as exhibit to petition designated
"business address" of defendant; address sufficiently supported in record as "home" or "home
office" address). Although the designation in the petition as "principal address" rather than "home
office" did not conform to the statute, we need not decide this appeal merely on that mistake. The
mistake in the street address provided to the Secretary of State negates strict compliance with the
long-arm statute. See Royal Surplus Lines Ins. Co. v. Samaria Baptist Church, ___ Tex. Sup. Ct.
J. ___ (October 28, 1992)(typographical error by Secretary of State in forwarding address is
grounds to set aside a default judgment based on substituted service); Texas Inspection Servs., Inc.
v. Melville, 616 S.W.2d 253, 254 (Tex. Civ. App.--Houston [1st Dist.] 1981, no writ).

 The record fails to affirmatively demonstrate compliance with section 17.045(a). 
See Bannigan, 766 S.W.2d at 593. We conclude that, although Jewell made a good faith effort
to determine Bauer's address and comply with the long-arm statute, she did not strictly comply
with the statute in providing the Secretary of State with an incorrect address, which was
designated in her petition as Bauer's "principal address" rather than "home" or "home office"
address. The trial court, therefore, did not obtain personal jurisdiction over Bauer. Accordingly,
we grant Bauer's petition for writ of error, reverse the judgment of the trial court, and remand
the cause for further proceedings.

 Having disposed of the case on point of error two, we do not reach the remaining
points of error.




CONCLUSION


 The judgment of the trial court is reversed and the cause remanded for trial.






 


 Jimmy Carroll, Chief Justice


[Before Chief Justice Carroll, Justices Jones and Kidd]


Reversed and Remanded


Filed: November 4, 1992


[Do Not Publish]