# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00283-CV

**Collective Interests, Inc., Appellant**

**v.**

**Reagan National Advertising, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. C-1-CV-06-002479, HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Collective Interests, Inc., d/b/a Coachworks ("Coachworks") has filed a restricted appeal from a default judgment rendered in favor of Reagan National Advertising, Inc. ("Reagan"). *See* Tex. R. App. P. 30. Reagan filed suit against Coachworks, alleging breach of contract and quantum meruit. After two unsuccessful attempts at service, the citation was returned not executed. Reagan then served Coachworks by substituted service on the Secretary of State. Coachworks failed to answer, and Reagan obtained a default judgment. Coachworks has appealed, seeking to reverse the judgment on the grounds that service of process was defective. We will affirm the trial court's judgment.

## BACKGROUND

In 2004, Reagan entered into a contract with Coachworks to provide advertising goods and services. After Coachworks failed to make its last monthly payment, Reagan filed suit on April 17, 2006, to collect the remaining balance. The citation for service of process was issued to Coachworks' registered agent, Gary Domel, at 16023 Fontaine Avenue, Austin, Texas. The process

server attempted to serve Domel at the registered address, but was informed by the current resident at that address that Domel had moved to Marble Falls two years prior. The process server then attempted service on Domel at an address in Marble Falls by means of restricted delivery, certified mail, return receipt requested. The certified mail was returned unclaimed, and no forwarding address for Domel was indicated.

Reagan then filed its first amended petition requesting that citation be directed to the Secretary of State. On June 21, 2006, Reagan served the Secretary of State with citation and the amended petition, "pursuant to Tex. Civ. Prac. & Rem. Code § 17.044."[1] On July 5, 2006, the Secretary of State issued a certificate stating that a copy of the citation with Reagan's amended petition was forwarded by certified mail to Coachworks' registered agent at 16023 Fontaine Avenue, Austin, Texas, and that process was returned as undeliverable as addressed and unable to forward. Coachworks did not answer or appear in the lawsuit.

Reagan filed a no-answer motion for default judgment, stating that the last known addresses for Coachworks were the Fontaine-Avenue address of its registered agent and Coachworks' business address at 3919 Juniper Trace, Austin, Texas. On November 16, 2007, the trial court entered a default judgment against Coachworks. On March 6, 2008, Coachworks filed its notice of restricted appeal.

We are unsure what points of error Coachworks is complaining of on appeal. The only "issue" it presented in its brief is that Reagan "failed to strictly comply with the Texas Rules of Civil Procedure and statutes governing citation and return of service and therefore the default judgment must

---

[1] Both parties agree that, because Coachworks is a domestic corporation, Tex. Civ. Prac. & Rem. Code § 17.044, the Texas long-arm statute, is inapplicable in this instance

2

be reversed." From Coachworks' arguments, we have interpreted its issues as follows: (1) whether Reagan used reasonable diligence in attempting to serve process on Coachworks' registered agent; and (2) whether Reagan's substituted service on the Secretary of State was reasonably calculated to give Coachworks notice of the lawsuit.

## ANALYSIS

### *Standard of Review*

To prevail on a restricted appeal, an appellant must demonstrate the following elements: (1) it filed its notice of restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying suit; (3) it did not participate in the actual trial of the case and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *See* Tex. R. App. P. 26.1(c), 30; *Insurance Co. of the State of Pa. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009).

Because the parties do not dispute that the first three elements of a restricted appeal have been met, we address only whether error appears on the face of the record.

### *Reasonable Diligence*

Article 2.09[2] of the Texas Business Corporation Act[3] requires a corporation to continuously maintain a registered agent and registered office. *See* Tex. Bus. Corp. Act Ann.

[2] Now found at Tex. Bus. Orgs. Code Ann. § 5.201(a) (West Pamph. 2009).

[3] The Texas Business Corporation Act expired on January 1, 2010. *See* Act of 2003, 78th Leg., R.S., ch. 182, § 2, 2003 Tex. Gen. Laws 595. Pursuant to section 402.001(1) of the Texas Business Organizations Code, until January 1, 2010, the Business Corporation Act continued to govern a domestic corporation formed prior to January 1, 2006, *see id.*, § 1, 2003 Tex. Gen. Laws 592. The record shows Coachworks was formed prior to January 1, 2006. Also, the record does not indicate that Coachworks, pursuant to section 402.003, voluntarily elected to become subject to the Texas Business Organizations Code prior to January 1, 2010. *Id.*

3

art. 2.09(A) (West Supp. 2009). When a corporation's registered agent cannot with reasonable diligence be found at the registered office, the Secretary of State shall act as agent of the corporation for purposes of service of process. *See* Tex. Bus. Corp. Act Ann. art. 2.11(B)[4] (West Supp. 2009). A default judgment obtained after substituted service will not stand absent a showing by the plaintiff that, before it resorted to substituted service, it first used reasonable diligence in seeking service on the corporation's registered agent. *Ingram Indus. v. U.S. Bolt Mfg.*, 121 S.W.3d 31, 34 (Tex. App.—Houston [1st Dist. 2003, no pet.).

Coachworks argues the record on appeal fails to establish that, before resorting to substituted service on the Secretary of State, Reagan used reasonable diligence in seeking service on Coachworks' registered agent. Relying on *Franecke v. Dolenz*, Coachworks asserts that Reagan, in order to properly resort to substituted service, had to include in its petition the allegations that Coachworks failed to appoint or maintain a registered agent or that the registered agent could not with reasonable diligence be found at the registered office. *See* 668 S.W.2d 481, 483 (Tex. App.—Austin 1984, writ dism'd). Coachworks claims the lack of those allegations is "an obvious defect on the face of the record." *Id.* Coachworks further complains the process server did not explicitly state on the return of service that he used reasonable diligence in attempting to serve Coachworks' registered agent. For these reasons, Coachworks contends the record on its face fails to show that Reagan used reasonable diligence in seeking service on Coachworks' registered agent before resorting to substituted service.

Reagan's amended petition pleaded the following:

---

[4] Now found at Tex. Bus. Orgs. Code Ann. § 5.251 (West Pamph. 2009)

Coachworks may be served by service of process by serving its registered agent, Gary Domel, at 16023 Fontaine Avenue, Austin, Texas 78734, his usual place of abode, or wherever else he may be found.

[Coachworks] may also be served with process by serving the Texas Secretary of State at P.O. Box 13079, Austin, Texas 78711-2079, pursuant to Tex. Civ. Prac. & Rem. Code § 17.044.

We first note that the statute at issue in *Franecke*, Texas Revised Civil Statutes article 2031b, is inapplicable in this instance. Not only has article 2031b been repealed; it also is the former long-arm statute, and the long-arm statute does not apply to Coachworks, a domestic corporation. Before a filing entity resorts to substituted service under the applicable statute in this case, article 2.11(B), the *record* must show that the corporation failed to appoint or maintain a registered agent or that its registered agent could not with reasonable diligence be found at the registered office. Those allegations are not required to be included in the petition. *See* Tex. Bus. Corp. Act Ann. art. 2.11(B).

The return of service has long been considered prima facie evidence of the facts recited therein. *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam); *Ingram Indus.*, 121 S.W.3d at 34. The process server's recitations in a return of service are given great weight as proof of service. *See Primate Constr.*, 884 S.W.2d at 152. In this instance, the process server stated on the return of service that the citation and Reagan's original petition were not executed on Coachworks for the following reasons:

On April 28, 2006, at 8:15 p.m., I attempted to deliver the [citation and Reagan's original petition] in person to [Coachworks'] Registered Agent, Gary Domel, at 16023 Fontaine Ave., Austin, Texas 78734, where I spoke with the current

tenant/owner who told me Mr. Domel moved to Marble Falls, Texas, over two years ago.

On May 10, 2006, I attempted to deliver a true copy of the [civil process] to [Coachworks'] Registered Agent, Gary Domel, at 219 County Road 343, Marble Falls, Texas 78654,[5] via U.S.P.S. restricted delivery certified mail, return receipt requested.

On June 5, 2006, Said parcel returned marked, "unclaimed." Before mailing, I marked the parcel "Fwd. Address Correction Requested" but no correction was indicated.

The return stated the dates on which service was attempted, the person upon whom service was attempted, and the causes of the failure to execute the citation. The return is clear that the Fontaine address on the citation was not the actual address of Coachworks' registered agent, but that this location had been occupied by some other person or entity for over two years. The return is also clear that a copy of the civil process was sent to Domel at an address in Marble Falls, a city where Coachworks' registered agent had allegedly moved to, and the parcel was returned unclaimed with no forwarding address. Based on the process-server's recitations in the return of service, we hold Reagan's two attempts to serve Coachworks before resorting to substituted service constituted reasonable diligence. *See Ingram Indus.*, 121 S.W.3d at 34; *G.F.S. Ventures, Inc. v. Harris*, 934 S.W.2d 813, 816-17 (Tex. App.—Houston [1st Dist.] 1996, no writ) (one attempt to serve process can be sufficient to show reasonable diligence).

Coachworks also asserts that Reagan, pursuant to Texas Rule of Civil Procedure 106, failed to file a motion for substituted service supported by an affidavit attesting to the exercise of

_____

[5] The record is devoid of any information regarding how, or from whom, the process server learned of this address for Domel in Marble Falls.

reasonable diligence. *See* Tex. R. Civ. P. 106. The face of the citation, however, shows that Reagan requested service on Coachworks by serving the Secretary of State. Strict compliance under rule 106 is unnecessary because the record establishes that substituted service was requested under article 2.11(B), rather than under rule 106. *Ingram Indus.*, 121 S.W.3d at 35.

We hold the record demonstrates that Reagan's attempts to serve Coachworks' registered agent constituted reasonable diligence. Coachworks' first issue is overruled.

### Substituted Service

Coachworks next argues Reagan's substituted service on the Secretary of State was not reasonably calculated to give Coachworks notice of the suit. It contends that, despite learning Domel's "correct" address that had been obtained by the process server, Reagan gave the Secretary of State the "wrong" address for Coachworks' registered agent. Yet, contrary to Coachworks' assertion, nothing in the record indicates that Reagan actually knew the correct address for Domel. Instead, the record shows only that the process server mailed a parcel containing a copy of the civil process to Domel at an address in Marble Falls, a city where he had allegedly moved to, and that the parcel was returned with the notation "unclaimed" and no address correction indicated.

However, even if Reagan knew the "correct" address for Coachworks' registered agent, pursuant to article 2.11(B)[6] of the now-expired Business Corporation Act, once process is served on the Secretary of State, he is statutorily required to immediately send copies of the process by registered mail to the corporation "at its registered office." *See* Tex. Bus. Corp. Act art. 2.11(B). In this case, the

_____

[6] This requirement of article 2.11(B) is now found at Tex. Bus. Orgs. Code Ann. § 5.253, entitled "Action by Secretary of State" (West Pamph. 2009).

Secretary of State certified that, on June 26, 2006, he forwarded copies of the citation and Reagan's first amended petition by certified mail, return receipt requested, to the following:

> Collective Interests Inc. d/b/a Coachworks
> registered agents, Gary Domel
> 16023 Fontaine Avenue
> Austin, Texas 78734

The process was returned to the Secretary of State on July 3, 2006, with the notation "not deliverable as addressed, unable to forward."

As noted above, article 2.09 of the Texas Business Corporation Act requires a corporation doing business in Texas to continuously maintain a registered office and registered agent. *See* Tex. Bus. Corp. Act art. 2.09(A). The procedure for changing the corporation's registered office or registered agent is described in article 2.10 of the Business Corporation Act. *See* Tex. Bus. Corp. Act Ann. art. 2.10[7] (West Supp. 2009). Pursuant to article 2.10, the corporation was required to file a statement with the Secretary of State setting forth the corporation's name, the names of the previously-registered agent and the successor registered agent, the street addresses of the previously-registered office and the new registered office, a statement that the street addresses of the registered office and the business office of the new registered agent are the same, and a recitation that the change is authorized by the corporation's board of directors. *See id.* art. 2.10(A). By not updating addresses for its registered office and registered agent, Coachworks was negligent in failing to comply with its statutory duties. See *Campus Inv., Inc. v. Cullever*, 114 S.W.3d 464, 466 (Tex. 2004) (per curiam).

---

[7] Now found at Tex. Bus. Orgs. Code Ann. § 5.202 (West Pamph. 2009).

We hold the citations of service and the Secretary of State's certificate contained in the record are proof that Coachworks was served in compliance with article 2.11 of the Texas Business Corporation Act. *See Interaction, Inc./State v. State/Interaction, Inc.*, 17 S.W.3d 775, 779 (Tex. App.—Austin 2000, pet. denied). Coachworks' second issue is overruled.

## CONCLUSION

Having overruled Coachworks' apparent issues and finding no error appearing on the face of the record, we affirm the judgment of the trial court.

_____

David Puryear, Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Affirmed

Filed: July 29, 2010

9