TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

 

 



NO.
03-08-00283-CV



 

 

Collective Interests, Inc., Appellant

 

v.

 

Reagan National Advertising, Appellee

 

 



FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY

NO. C-1-CV-06-002479, HONORABLE ERIC SHEPPERD, JUDGE PRESIDING



 

 

M E M O R A N D U M   O P I N I O N

 

Collective
Interests, Inc., d/b/a Coachworks (ACoachworks@) has filed a restricted appeal from a
default judgment rendered in favor of Reagan National Advertising, Inc. (AReagan@).  See Tex. R. App. P. 30.  Reagan filed suit against Coachworks, alleging
breach of contract and quantum meruit. 
After two unsuccessful attempts at service, the citation was returned
not executed.  Reagan then served
Coachworks by substituted service on the Secretary of State.  Coachworks failed to answer, and Reagan
obtained a default judgment.  Coachworks
has appealed, seeking to reverse the judgment on the grounds that service
of process was defective. We will affirm the trial court=s judgment.

 

BACKGROUND








In 2004, Reagan
entered into a contract with Coachworks to provide advertising goods and
services.  After Coachworks failed to
make its last monthly payment, Reagan filed suit on April 17, 2006,
to collect the remaining balance.  The
citation for service of process was issued to Coachworks=
registered agent, Gary Domel, at 16023 Fontaine Avenue, Austin, Texas.  The process server attempted to serve Domel
at the registered address, but was informed by the current resident at that
address that Domel had moved to Marble Falls two years prior.  The process server then attempted service on
Domel at an address in Marble Falls by means of restricted delivery, certified
mail, return receipt requested.  The
certified mail was returned unclaimed, and no forwarding address for Domel
was indicated.

Reagan then
filed its first amended petition requesting that citation be directed to the
Secretary of State.  On June 21, 2006,
Reagan served the Secretary of State with citation and the amended petition, Apursuant to Tex. Civ. Prac. & Rem.
Code ' 17.044.@[1]  On July 5, 2006, the Secretary of State
issued a certificate stating that a copy of the citation with Reagan=s amended petition was forwarded by
certified mail to Coachworks=
registered agent at 16023 Fontaine Avenue, Austin, Texas, and that process was
returned as undeliverable as addressed and unable to forward.  Coachworks did not answer or appear in the
lawsuit.

Reagan filed a
no-answer motion for default judgment, stating that the last known addresses
for Coachworks were the Fontaine-Avenue address of its registered agent and
Coachworks= business
address at 3919 Juniper Trace, Austin, Texas. 
On November 16, 2007, the trial court entered a default judgment against
Coachworks.  On March 6, 2008, Coachworks
filed its notice of restricted appeal. 








We are unsure
what points of error Coachworks is complaining of on appeal.  The only Aissue@ it presented in its brief is that
Reagan Afailed to
strictly comply with the Texas Rules of Civil Procedure and statutes governing
citation and return of service and therefore the default judgment must be
reversed.@  From Coachworks=
arguments, we have interpreted its issues as follows:  (1) whether Reagan used reasonable diligence
in attempting to serve process on Coachworks=
registered agent; and (2) whether Reagan=s
substituted service on the Secretary of State was reasonably calculated to give
Coachworks notice of the lawsuit.

 

ANALYSIS

Standard of Review

To prevail on a
restricted appeal, an appellant must demonstrate the following elements:  (1) it filed its notice of restricted appeal
within six months after the judgment was signed; (2) it was a party to the
underlying suit; (3) it did not participate in the actual trial of the case and
did not timely file any postjudgment motions or requests for findings of fact
and conclusions of law; and (4) error is apparent on the face of the
record.  See Tex. R. App. P.
26.1(c), 30; Insurance Co. of the State of Pa. v. Lejeune, 297 S.W.3d
254, 255 (Tex. 2009).

Because the
parties do not dispute that the first three elements of a restricted appeal
have been met, we address only whether error appears on the face of the record.

 

Reasonable Diligence








Article 2.09[2] of the
Texas Business Corporation Act[3]
requires a corporation to continuously maintain a registered agent and
registered office.  See Tex. Bus.
Corp. Act Ann. art. 2.09(A) (West Supp. 2009).  When a corporation=s
registered agent cannot with reasonable diligence be found at the registered
office, the Secretary of State shall act as agent of the corporation for
purposes of service of process.  See
Tex. Bus. Corp. Act Ann. art. 2.11(B)[4] (West
Supp. 2009). A default judgment obtained after substituted service will not
stand absent a showing by the plaintiff that, before it resorted to substituted
service, it first used reasonable diligence in seeking service on
the corporation=s
registered agent. Ingram Indus. v. U.S. Bolt Mfg., 121 S.W.3d 31, 34
(Tex. App.CHouston
[1st Dist. 2003, no pet.). 

Coachworks
argues the record on appeal fails to establish that, before resorting to
substituted service on the Secretary of State, Reagan used reasonable diligence
in seeking service on Coachworks=
registered agent.  Relying on Franecke
v.  Dolenz, Coachworks asserts that
Reagan, in order to properly resort to substituted service, had to include in
its petition the allegations that Coachworks failed to appoint or maintain a
registered agent or that the registered agent could not with reasonable
diligence be found at the registered office. 
See 668 S.W.2d 481, 483 (Tex. 
App.CAustin 1984,
writ dism=d).  Coachworks claims the lack of those
allegations is Aan
obvious defect on the face of the record.@
Id.  Coachworks further complains
the process server did not explicitly state on the return of service that he
used reasonable diligence in attempting to serve Coachworks= registered agent.  For these reasons, Coachworks contends the
record on its face fails to show that Reagan used reasonable diligence in
seeking service on Coachworks=
registered agent before resorting to substituted service.

Reagan=s amended petition pleaded the
following:








Coachworks may be served by service of process by
serving its registered agent, Gary Domel, at 16023 Fontaine Avenue, Austin,
Texas 78734, his usual place of abode, or wherever else he may be found.

 

[Coachworks] may also be served with process by
serving the Texas Secretary of State at P.O. Box 13079, Austin, Texas
78711-2079, pursuant to Tex. Civ. Prac. & Rem. Code '
17.044.

  

 

We first note
that the statute at issue in Franecke, Texas Revised Civil Statutes
article 2031b, is inapplicable in this instance.  Not only has article 2031b been repealed; it
also is the former long-arm statute, and the long-arm statute does not apply to
Coachworks, a domestic corporation. 
Before a filing entity resorts to substituted service under the
applicable statute in this case, article 2.11(B), the record must show
that the corporation failed to appoint or maintain a registered agent or
that its registered agent could not with reasonable diligence be found at the
registered office.  Those allegations are
not required to be included in the petition.  
See Tex. Bus. Corp. Act Ann. art. 2.11(B). 

The return of
service has long been considered prima facie evidence of the facts recited
therein.  Primate Constr., Inc. v.
Silver, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam); Ingram Indus.,
121 S.W.3d at 34.  The process server=s recitations in a return of service
are given great weight as proof of service. 
See Primate Constr., 884 S.W.2d at 152.  In this instance, the process server stated
on the return of service that the citation and Reagan=s
original petition were not executed on Coachworks for the following reasons:

 








On April 28,
2006, at 8:15 p.m., I attempted to deliver the [citation and Reagan=s original petition] in person to
[Coachworks=]
Registered Agent, Gary Domel, at 16023 Fontaine Ave., Austin, Texas 78734,
where I spoke with the current tenant/owner who told me Mr. Domel moved to
Marble Falls, Texas, over two years ago.

 

On May 10, 2006,
I attempted to deliver a true copy of the [civil process] to [Coachworks=] Registered Agent, Gary Domel, at 219
County Road 343, Marble Falls, Texas 78654,[5] via
U.S.P.S. restricted delivery certified mail, return receipt requested.

 

On June 5, 2006,
Said parcel returned marked, Aunclaimed.@ 
Before mailing, I marked the parcel AFwd.
Address Correction Requested@
but no correction was indicated.

 

 

The return
stated the dates on which service was attempted, the person upon whom service
was attempted, and the causes of the failure to execute the citation.  The return is clear that the Fontaine address
on the citation was not the actual address of Coachworks=
registered agent, but that this location had been occupied by some other person
or entity for over two years.  The return
is also clear that a copy of the civil process was sent to Domel at an address
in Marble Falls, a city where Coachworks=
registered agent had allegedly moved to, and the parcel was returned unclaimed
with no forwarding address.  Based on the
process-server=s
recitations in the return of service, we hold Reagan=s
two attempts to serve Coachworks before resorting to substituted service
constituted reasonable diligence.  See
Ingram Indus., 121 S.W.3d at 34; G.F.S. Ventures, Inc.  v. 
Harris, 934 S.W.2d 813, 816-17 (Tex. 
App.CHouston
[1st Dist.] 1996, no writ) (one attempt to serve process can be sufficient to
show reasonable diligence).  








Coachworks also
asserts that  Reagan, pursuant to Texas
Rule of Civil Procedure 106,  failed to
file a motion for substituted service supported by an affidavit attesting to
the exercise of reasonable diligence.  See
Tex.  R. 
Civ.  P.  106. 
The face of the citation, however, shows that Reagan requested service
on Coachworks by serving the Secretary of State.  Strict compliance under rule 106 is unnecessary
because the record establishes that substituted service was requested under
article 2.11(B), rather than under rule 106.  Ingram Indus., 121 S.W.3d at 35.  

We hold the
record demonstrates that Reagan=s
attempts to serve Coachworks=
registered agent constituted reasonable diligence.  Coachworks=
first issue is overruled.

 

Substituted Service

Coachworks next
argues Reagan=s
substituted service on the Secretary of State was not reasonably calculated to
give Coachworks notice of the suit.  It
contends that, despite learning Domel=s
Acorrect@
address that had been obtained by the process server, Reagan gave the Secretary
of State the Awrong@ address for Coachworks= registered agent.  Yet, contrary to Coachworks= assertion, nothing in the record
indicates that Reagan actually knew the correct address for Domel.  Instead, the record shows only that the
process server mailed a parcel containing a copy of the civil process to Domel
at an address in Marble Falls, a city where he had allegedly moved to, and that
the parcel was returned with the notation Aunclaimed@ and no address correction indicated. 








However, even
if Reagan knew the Acorrect@ address for Coachworks= registered agent, pursuant to article
2.11(B)[6] of the
now-expired Business Corporation Act, once process is served on the Secretary
of State, he is statutorily required to immediately send copies of the process
by registered mail to the corporation Aat
its registered office.@  See Tex. Bus. Corp. Act art.
2.11(B).  In this case, the Secretary of
State certified that, on June 26, 2006, he forwarded copies of the citation and
Reagan=s first
amended petition by certified mail, return receipt requested, to the following:


 

 

Collective Interests Inc. d/b/a
Coachworks

registered agents, Gary Domel

16023 Fontaine Avenue

Austin, Texas 78734

 

 

The process was returned to the
Secretary of State on July 3, 2006, with the notation Anot
deliverable as addressed, unable to forward.@

As noted above,
article 2.09 of the Texas Business Corporation Act requires a corporation doing
business in Texas to continuously maintain a registered office and registered
agent.  See Tex. Bus. Corp. Act
art. 2.09(A).  The procedure for changing
the corporation=s
registered office or registered agent is described in article 2.10 of the
Business Corporation Act.  See
Tex. Bus. Corp. Act Ann. art. 2.10[7] (West
Supp. 2009).  Pursuant to article
2.10, the corporation was required to file a statement with the Secretary of
State setting forth the corporation=s
name, the names of the previously-registered agent and the successor registered
agent, the street addresses of the previously-registered office and the new
registered office, a statement that the street addresses of the registered
office and the business office of the new registered agent are the same, and a
recitation that the change is authorized by the corporation=s board of directors.  See id. art. 2.10(A).  By not updating addresses for its registered
office and registered agent, Coachworks was negligent in failing to comply with
its statutory duties. See Campus Inv., Inc. v. Cullever, 114 S.W.3d 464,
466 (Tex. 2004) (per curiam).








We hold the
citations of service and the Secretary of State=s
certificate contained  in the record are
proof that Coachworks was served in compliance with article 2.11 of the Texas
Business Corporation Act.  See
Interaction, Inc./State v. State/Interaction, Inc., 17 S.W.3d 775, 779
(Tex. App.CAustin
2000, pet. denied).  Coachworks= second issue is overruled.

 

CONCLUSION

Having
overruled Coachworks=
apparent issues and finding no error appearing on the face of the record, we
affirm the judgment of the trial court.

 

 

__________________________________________

     David Puryear, Justice

Before Chief Justice Jones,
Justices Puryear and Pemberton

Affirmed

Filed:   July 29, 2010











[1]  Both parties agree that, because Coachworks
is a domestic corporation, Tex. Civ. Prac. & Rem. Code ' 17.044, the Texas long-arm statute, is
inapplicable in this instance





[2]  Now found at Tex. Bus. Orgs. Code Ann. ' 5.201(a) (West Pamph. 2009).





[3]  The Texas Business Corporation Act expired on
January 1, 2010.  See Act of 2003,
78th  Leg., R.S., ch. 182, ' 2, 2003 Tex. Gen. Laws 595.  Pursuant to section 402.001(1) of the Texas
Business Organizations Code, until January 1, 2010, the Business Corporation
Act continued to govern a domestic corporation formed prior to January 1, 2006,
see id., ' 1, 2003
Tex. Gen. Laws 592.  The record shows
Coachworks was formed prior to January 1, 2006. 
Also, the record does not indicate that Coachworks, pursuant to section
402.003, voluntarily elected to become subject to the Texas Business
Organizations Code prior to January 1, 2010. 
Id. 





[4]  Now found at Tex. Bus. Orgs. Code Ann. ' 5.251 (West Pamph. 2009)





[5]  The record is devoid of any information
regarding how, or from whom, the process server learned of this address for
Domel in Marble Falls.





[6]  This requirement of article 2.11(B) is now
found at Tex. Bus. Orgs. Code Ann. '
5.253, entitled AAction by
Secretary of State@ (West
Pamph. 2009).  





[7]  Now found at Tex. Bus. Orgs. Code Ann. ' 5.202 (West Pamph. 2009).